## John L. Bond *vs.* Mark Fay.

In a submission to arbitrators, under Rev. Sts. *c.* 114, the subject of costs is wholly within the discretion of the court in which the proceeding is pending, and to the exercise of such discretion no exception lies.

Submission to arbitrators under Rev. Sts. *c.* 114. An award was duly made and returned to the court of common pleas, which was afterwards recommitted for a further hearing; but, the arbitrators having refused to hear the parties anew, or to act under the order of the court, the award was set aside in the superior court by *Ames*, J. with costs for the defendant, and the plaintiff alleged exceptions.

*C. C. Esty*, for the plaintiff.

*M. G. Cobb*, for the defendant.

Bigelow, C. J. This is not, strictly speaking, a civil action in which the party in whose favor an award is made can claim costs as a matter of right under Rev. Sts. *c.* 121, § 1, on the ground that he is the prevailing party. Under a submission, entered into before a magistrate according to the provisions of our statute, (Rev. Sts. *c.* 114,) neither party can be said to be the plaintiff or defendant. It is true that each stands in that relation towards the other so far as their respective claims and demands are submitted to the determination of the arbitrators. But the proceeding derives all its force and effect from the mutual assent of the parties, and in this respect essentially differs from an action at law or in equity in which one party compels the other to appear and litigate his rights. It is therefore a " civil proceeding," rather than a " civil action," and as such comes within the provisions of Rev. Sts. *c.* 121, § 20, by which the subject of costs, in such cases, is wholly within the discretion of the court. To the exercise of this discretion by the court in which the proceeding is pending no exception lies.

*Exceptions overruled.*