WILLIAM I. BOWDITCH, trustee, *vs.* NORWICH UNION FIRE INSURANCE COMPANY.

Suffolk.   December 11, 1906. — January 3, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Insurance,* Fire.   *Agency.   Broker.   Words,* "Dwelling house."

There can be no recovery on a policy against fire insuring a building as a "dwelling house" if the building was used in part as a dwelling house and in part as a store.

In an action against a fire insurance company on a policy insuring a building as a dwelling house, which fails because the building was not a dwelling house for the purpose of insurance, having a shoe store in the basement and a dry goods store on the street floor, the facts that the insurance was procured for the plaintiff by an insurance broker, who was an agent of the defendant, and that this broker had maps in his office showing the character of the building, are imma-

terial, although the plaintiff may have a cause of action against the broker for negligence in failing to obtain for the plaintiff a valid policy when he had an opportunity of knowing the facts.

CONTRACT on a policy of fire insurance in the Massachusetts standard form for $5,000 on "brick dwelling house" No. 328 on Harrison Avenue in Boston. Writ dated November 28, 1905.

In the Superior Court the case was submitted to *Bond,* J. upon an agreed statement of facts substantially as follows:

On November 8, 1901, the defendant delivered to the plaintiff the policy in suit, which previously had been countersigned on October 14, 1901, by one Frank Gair Macomber, a duly authorized agent of the defendant to write policies of fire insurance on property in Boston. A premium of $25 was paid by the plaintiff to the defendant as the consideration therefor. The policy was in the Massachusetts standard form and insured the plaintiff against loss or damage by fire to the amount of $5,000 for a term of five years on

"Brick dwelling House and Additions and Foundations, including all Piping, Plumbing and Heating Apparatus, and their Appurtenances and all Landlord's Fixtures, Yard Fixtures and Fences adjacent thereto, and on Storm Doors and Windows, Blinds, Awnings, Screen Doors and Windows, on or in the building or stored on the premises of the assured, situate No. 328 Harrison Avenue, Boston, Mass."

The premises numbered 328 Harrison Avenue, Boston, consisted of a brick building with a basement, three regular stories above the basement and an upper floor or attic under a pitched roof containing sleeping rooms. Originally this building had been used only for dwelling house purposes, but at some time before November 10, 1901, a lessee, holding under a lease from the plaintiff which gave the lessee authority to make alterations in the building, had altered the premises by tearing out the front of the first story and basement, except where there were doors, and by putting in plate glass windows instead. Thereafter the lessee leased the front room in the basement and the front room in the first story for stores.

On and after November 10 and up to the time of the fire the premises were used and occupied as follows: One family hired the whole basement and the whole of the third story, using the

front room in the basement as a second-hand shoe store, the back room in the basement for a kitchen and other living purposes, and the third story for living purposes. The first story was leased to a person who did not sleep in the building but kept a dry goods store in the front room and used the back room as a kitchen and for living purposes. The second story was occupied by a family for living purposes and one of the two rooms in the top story or attic was occupied by the lessee of the basement and third story, and another room by another person.

On June 28, 1905, a fire occurred on the premises, and in accordance with the terms of the policy the amount of loss and damage caused by the fire was submitted by the parties to referees appointed in accordance with the condition of the policy relating thereto. Thereafter on June 30, 1905, the referees awarded as the damage to the property the sum of $1,906.

Certain other facts were agreed subject to the ruling of the court as to their admissibility. Among them were the following:

The defendant's agent, Macomber, was a duly licensed insurance broker in the city of Boston, as well as the agent of the defendant to issue policies of the defendant, and had in his office certain maps known as Sanborn maps, showing the streets and buildings in the city of Boston. These maps are issued by the Sanborn Map Company of New York, and corrections of them are issued semi-annually. An examination of the maps in Macomber's office on November 10, 1901, and of the corrections which had been issued up to that time would have shown that the premises No. 328 Harrison Avenue were occupied in part for stores. It is customary in the city of Boston for insurance brokers and insurance agents to consult such maps for the purpose of issuing policies, but no reference to these maps was made by Macomber in issuing the policy in suit. These facts were offered " for the purposes of proving that the defendant's agent Macomber ought to have known of the condition of the premises No. 328 Harrison Avenue at the time of the issuance of the policy in question."

The customary rate of premium for insurance for a term of five years upon a dwelling house with stores in it is three fourths of one per cent ; the rate of premium paid by the plain-

tiff upon the policy in suit was one half of one per cent.  Before suing out the writ in this action and after the fire the plaintiff tendered to the defendant $12.50, the difference between the premium paid and the customary rate, which sum the defendant declined to receive.

The judge gave judgment for the defendant; and the plaintiff appealed.

*R. Homans*, for the plaintiff.

*F. W. Brown*, for the defendant.

LORING, J.  This case is concluded by the decision of this court in *Thomas* v. *Commercial Union Assurance Co.* 162 Mass. 29.

If the question here had been the question of the identification of the building insured, the fact that it was described as a dwelling house would not have been material, although there was a shoe store in the basement and a dry goods store on the first floor.  But the question here was not a question of identification.  A building used in part as a dwelling house and in part as a store for the purposes of insurance is not a dwelling house but a different kind of building.  It costs half as much again to insure it.  The defendant agreed to insure the building as a dwelling house.  For the purpose of insurance the building in question was not a dwelling house.  No contract ever was made insuring this building as it was, — part dwelling and part store.  For a case like the one at bar, in fact as well as law, see *Dougherty* v. *Greenwich Ins. Co.* 35 Vroom, 716.

The plaintiff has argued that he left the matter of insuring the building in question to an insurance broker who was an agent of the defendant company.  It is agreed that Macomber, the broker and agent in question, had maps in his office which showed the character of the building.  The fact that Macomber might have found out that the building insured was not a dwelling house, but did not find that out, may be ground for an action of negligence against him as the plaintiff's broker for making the contract which he made.  The action here is on the contract which he made.  In such an action this fact is immaterial.  In this respect the case at bar falls short of *Thomas* v. *Commercial Union Assurance Co.* 162 Mass. 29, in which evidence was held rightly excluded which showed that the building was described

fully to the agent of the company when the policy was issued, on the ground that such evidence contradicted the written contract sued on.

*Judgment for the defendant affirmed.*