CITY OF FALL RIVER *vs.* ÆTNA INSURANCE COMPANY.

Bristol.    October 26, 1914. — December 29, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Insurance,* Fire.    *Practice, Civil,* Exceptions, Rulings and instructions.    *Evidence,* Presumptions and burden of proof.    *Words,* "Occupied."

In an action by a city on a policy of fire insurance, which described the insured property as a building "occupied as a contagious hospital," it appeared that the building owned by the plaintiff which had been destroyed by fire was a contagious hospital fully equipped and ready to receive patients at a moment's notice, but that at the date of the policy and for the four years preceding that date there had been no patient in the hospital and that no one, not even a caretaker, had been in occupation of the building. There was no evidence that the risk on a building fitted for use as a hospital and not occupied at all was greater than the risk on a building fitted for and occupied as a hospital. *Held,* that the description in the policy was sufficient to identify the plaintiff's building which was destroyed by fire as the one that was insured, whether it was occupied or not, and therefore that it was not necessary to decide whether the statement in the policy that the building was "occupied as a contagious hospital" meant that the building was not vacant or meant that the building was appropriated to the uses of a contagious hospital.

A bill of exceptions stated that at the trial of the case before a judge without a jury the plaintiff asked for sixteen rulings there set forth and that the judge found for the defendant, and the bill of exceptions then stated: "the court in finding for the defendant did not specifically indicate which of these requests he refused or allowed except so far as the same are indicated by the finding, to all of which the plaintiff duly excepted." *Held,* that the only exception stated by this record was to the refusal of the judge to make the rulings asked for; and that, if any one of the rulings ought to have been made, the exceptions must be sustained, although the other fifteen rulings might have been refused rightly.

In an action on a policy of fire insurance, where on the plaintiff's evidence the policy as a matter of law was a valid one applicable to the insured property at the time of its destruction by fire, if the facts put in evidence by the plaintiff are not disputed and the case is tried on the assumption that they are true,

the plaintiff is entitled to have a ruling made that "The policy of insurance was in full force and effect on the date of the fire;" because, the facts not being in dispute, the ordinary rule, that a finding in favor of the party who has the burden of proof cannot be directed as matter of law, does not apply.

It is settled law, that, if after proof of a loss by fire in accordance with the requirements of a policy of insurance which contains the ordinary arbitration clause, the insurer denies its liability and does not seek to have the amount of the loss fixed by arbitration, this is evidence that objection to the amount of the loss claimed has been waived; and it *may be*, that under these circumstances such objection is waived as a matter of law.

CONTRACT on a policy of fire insurance, prosecuted in the name of the city of Fall River by the New York, New Haven, and Hartford Railroad Company, which had paid to that city the sum of $4,833 for the loss caused by a fire that on April 22, 1907, completely destroyed the premises alleged to have been insured. Writ dated June 20, 1908.

In the Superior Court the case was tried before *Ratigan*, J., without a jury. The judge found for the defendant; and the plaintiff alleged exceptions, raising the questions which are disposed of in the opinion.

*A. W. Blackman*, for the plaintiff, was stopped by the court.

*F. W. Brown & W. L. Came*, for the defendant, submitted a brief.

LORING, J. The defendant, at the trial, contended "that the plaintiff could not recover because the policy in question never took effect as a contract, and because if it did take effect as a contract, the amount of loss had not been determined by agreement or arbitration, and such arbitration had not been waived." "The defendant makes no claim that the building in question became vacant by the removal of the owner or occupant."

The ground on which the defendant has contended that the policy did not take effect as a contract is that it has brought this case within the rule laid down in *Goddard* v. *Monitor Mutual Fire Ins. Co.* 108 Mass. 56 and subsequently applied in *Thomas* v. *Commercial Union Assurance Co., Limited,* 162 Mass. 29, and *Bowditch* v. *Norwich Union Fire Ins. Co.* 193 Mass. 565.

That rule is that, if the property owned by the plaintiff is not that described in the policy, the minds of the parties never met, and for that reason the policy never attached.

The defendant's contention in this case is that the thing described in the policy is a building "occupied as a contagious hospi-

tal," and that the building owned by the plaintiff, though a contagious hospital, was unoccupied at the date of the policy. It appeared that at the date of the policy and for four years before that date no patient had been in the hospital and no one, not even a caretaker, had been in occupation, although it did appear that the building was fully furnished as a hospital and ready to receive patients at a moment's notice.

The rule laid down in *Goddard* v. *Monitor Mutual Fire Ins. Co.*, *ubi supra*, (and subsequently applied in *Thomas* v. *Commercial Union Assurance Co., Limited,* and *Bowditch* v. *Norwich Union Fire Ins. Co., ubi supra*), is based upon the fact that the risk upon the building described in the policy was a less hazardous risk than that upon the building owned by the plaintiff. In *Bowditch* v. *Norwich Union Fire Ins. Co.*, at page 568, the following statement of that rule was made: "If the question here had been the question of the identification of the building insured, the fact that it was described as a dwelling house would not have been material, although there was a shoe store in the basement and a dry goods store on the first floor. But the question here was not a question of identification. A building used in part as a dwelling house and in part as a store for the purposes of insurance is not a dwelling house but a different kind of building. It costs half as much again to insure it. The defendant agreed to insure the building as a dwelling house. For the purpose of insurance the building in question was not a dwelling house. No contract ever was made insuring this building as it was,—part dwelling and part store." The fact that the risk upon the building owned by the plaintiff was a more hazardous risk than that upon the building described in the policy was also put in evidence in the earlier cases of *Goddard* v. *Monitor Mutual Fire Ins. Co.* and *Thomas* v. *Commercial Union Assurance Co., Limited, ubi supra.*

But in the case at bar there was no evidence that the risk upon a building fitted for use as a hospital and not in fact occupied at all was a greater risk than that on a building fitted for and occupied as a hospital, using the word "occupied" in the sense of some person or persons being in occupation. For this reason the case at bar was not brought within the rule of *Goddard* v. *Monitor Mutual Fire Ins. Co.*

Under these circumstances it is not necessary to consider the

question whether the description of the building insured ("occupied as a contagious hospital") is a statement that the building was occupied and not vacant, or was a statement that the building was appropriated to the uses of a contagious hospital. Upon that question we intimate no opinion.

At the trial the plaintiff asked for sixteen rulings set forth. The only exception taken by it is stated in these words in the bill of exceptions: "The court in finding for the defendant did not specifically indicate which of these requests he refused or allowed except so far as the same are indicated by the finding, to all of which the plaintiff duly excepted." We are of opinion that the only exception taken was to the refusal to make the rulings asked for.

The case was tried and has been argued on the basis that the facts shown in evidence by the plaintiff were true. Therefore the rule does not apply that ordinarily a finding in favor of the party who has the burden of proof cannot be directed as matter of law, as to which see *Leary* v. *William G. Webber Co.* 210 Mass. 68. Assuming the facts shown by the plaintiff to be true, the second ruling asked for by the plaintiff should have been given.*

As we have said, the judge made a general finding for the defendant without indicating which of the sixteen requests he refused or which he allowed, "except so far as the same are indicated by the finding." For all that appears, therefore, the judge may have refused to give the second ruling asked for, and have found for the defendant because he thought that the defense stated above had been made out. Under these circumstances the exceptions must be sustained, even if the other defense relied upon by the defendant was made out and the requests in connection with it were refused properly. See in this connection *Leverone* v. *Arancio,* 179 Mass. 439; *York* v. *Johnson,* 116 Mass. 482; *Kilberg* v. *Berry,* 166 Mass. 488; *Hagar* v. *Norton,* 188 Mass. 47.

As the case must go back for a new trial, we consider the other question raised by the defense but not perhaps covered by the plaintiff's requests for instructions, namely, that "the amount of loss had not been determined by agreement or arbitration, and such arbitration had not been waived."

---

* The second ruling asked for was as follows: "The policy of insurance was in full force and effect on the date of the fire."

It is stated in the bill of exceptions that "the plaintiff properly rendered the defendant a statement in accordance with the requirement of the policy, wherein the plaintiff stated, among other things, that the building and contents were totally destroyed." As we have said, the fire took place on April 22, 1907. In June, 1908, the defendant's special agent wrote to the plaintiff's attorney that the matter of this insurance had been "left entirely in the hands of our attorney, Mr. Brown." On July 21, 1908, the defendant's attorney, Mr. Brown, wrote to the plaintiff's attorney: "My recollection of our conversation is quite clear that the company in terms declined to admit its liability to the city."

It is settled that if after proof of loss an insurance company denies its liability and does not seek to have the matter in dispute submitted to arbitration, the jury can find that fixing by arbitration the amount due has been waived, *Lamson Consolidated Store Service Co.* v. *Prudential Fire Ins. Co.* 171 Mass. 433, if, indeed, it is not waived under these circumstances as matter of law. See *Willett* v. *Smith,* 214 Mass. 494. In this connection see also *Hayes* v. *Milford Mutual Fire Ins. Co.* 170 Mass. 492.

*Exceptions sustained.*