ALBERT W. LOCKE *vs.* ROYAL INSURANCE COMPANY, Limited.
SAME *vs.* COLUMBIA INSURANCE COMPANY.

Suffolk. November 20, 1914. — February 24, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Insurance,* Fire. *Contract,* What constitutes. *Automobile.*

In an action on a policy of fire insurance to recover for the loss by fire of an auto-
mobile, which was described in the application and the policy by the name of
its manufacturer, its factory number, its type of body, its number of cylinders,
its horse power and other matters, and as being of the "year model 1908,"
where it appeared that the car in question was destroyed by fire and that it
was worth and cost the plaintiff more than the amount for which it was insured
and it was admitted that the description of the car in all respects other than the
year model was correct, the defendant contended that the car was of the year
model 1907 or 1906, and that the policy was invalid, either because the minds
of the parties never met in regard to the terms of the policy, or that, if they did,

the contract was rendered void by the plaintiff's misrepresentation of a material fact. There was evidence that the car insured was in fact of the year model 1908, and there also was evidence that, if the car had been represented to be of the year model 1907 or 1906, the rate of insurance would not have been different, and that the designation of the car as being of the year model 1908 was an immaterial item in an otherwise correct description of an automobile that was known and identified by its factory number. *Held,* that the case properly was submitted to the jury.

TWO ACTIONS OF CONTRACT on fire insurance policies by the same plaintiff against different insurance companies, the first action for the loss by fire of a certain Fiat automobile, and the second action for the loss by fire of two Hotchkiss automobiles, all three of the automobiles having been described in the applications and policies, among other matters of description, as being of year model 1908. Writs dated December 20, 1912, and June 5, 1913.

In the Superior Court the cases were tried before *Stevens,* J. At the close of the evidence, the material portions of which are described in the opinion, both defendants asked the judge to rule that upon all the evidence the plaintiff could not recover. The judge refused to make this ruling. The defendant Royal Insurance Company, Limited, also asked the judge to make the following rulings:

"6. The plaintiff cannot recover if he fails to prove by a fair preponderance of the evidence that the car in question was of the model of 1908.

"7. If the model of the car in question was 1907 and the policy alleged to have been issued described the car as a 1908 model, then there was such a misdescription of the car as would prevent the policy attaching to the risk and the plaintiff cannot recover."

The defendant Columbia Insurance Company also asked the judge to make the following rulings:

"9. The plaintiff cannot recover if he fails to prove by a fair preponderance of the evidence that the cars in question were of the 1908 model.

"10. If it appears that the model of the cars in question were of an earlier model than 1908 and the policies in question described the cars as 1908 models then there is such a misdescription of the cars as would prevent the policies attaching to the risks and the plaintiff cannot recover."

The judge refused to make any of these rulings except so far as they might be embodied in his charge. He submitted the cases to the jury, who in the first case returned a verdict for the plaintiff in the sum of $1,585.75 and in the second case returned a verdict for the plaintiff in the sum of $2,519.41. The defendants alleged exceptions to the judge's refusal to make the rulings requested, including also exceptions to certain portions of the judge's charge and to rulings as to evidence which were not argued.

*F. W. Brown & W. L. Came*, for the defendants, submitted a brief.

*C. H. Donahue*, for the plaintiff.

DE COURCY, J. These two actions, tried together, are based on three insurance policies. That issued by the Royal Insurance Company was in the non-valued form for $1,500 on a Fiat automobile. The others were valued policies issued by the Columbia Insurance Company, one for $1,800 on a Hotchkiss automobile, the other for $650 on another Hotchkiss car. It is not now questioned that the cars were destroyed by fire and that they were worth, and cost the plaintiff, more than the amounts for which they were insured. There was evidence that the plaintiff complied with the various provisions of the policies, including proofs of loss; and the requirement as to arbitration was waived.

The substantial issue raised by the exceptions is based upon an alleged misdescription of the automobiles in the applications and policies, with reference to the year model. The correctness of the description in all other respects, such as the factory number, type of body, number of cylinders, horse power, etc., is apparently conceded. The contention of the defendants is that the Fiat car was in fact of the year model 1907, and that the two Hotchkiss cars were of the year model 1906. They urged that this alleged misdescription constituted a defence to the actions as matter of law.

This defence was presented in two aspects: first, and mainly, as supporting the claim that the minds of the parties never met in consummation of the alleged contract of insurance, and that consequently the policies never attached to the risk; second, assuming that the minds of the parties did so meet, that the contract was rendered void by the plaintiff's misrepresentation of

material facts. We do not understand that the defendants urge the latter ground in this court, and we shall not consider it further. Apparently the trial judge instructed the jury on this point in the form requested by the defendants, notwithstanding that the only answer of the Columbia Insurance Company was a general denial. See St. 1907, c. 576, § 21; *Barker* v. *Metropolitan Life Ins. Co.* 198 Mass. 375.

One answer to the defendants' main contention is that there was evidence for the jury that the automobiles in fact were described correctly in the applications and policies. The plaintiff, who qualified as an expert, testified without objection to his belief that "the Hotchkiss cars were put out in 1908," that the Fiat car was a 1908 model, and that he thought the three cars were of the year model 1908. In the next place, 1908 was specified, not as the "year of manufacture," but as the "year model." They were all foreign cars. There was evidence that foreign makers do not make distinct yearly models, as American manufacturers do, and that at that time European cars used to be designated as 1905–1906, 1906–1907, etc., and not by single years. There also was testimony that the difference between a Hotchkiss 1906 and a 1908 car would be hardly discernible, and that a Fiat car of 1907 and one of 1908 were substantially identical. So far as the cases involve the identification of the automobiles insured, the jury could find that the minds of the parties were in accord. *Fall River* v. *Ætna Ins. Co.* 219 Mass. 454.

Even if it be assumed that the jury properly could not find that the automobiles were described correctly as of year model 1908, it does not follow, as matter of law, that the policy did not attach. Where, as here, there were many accurate terms of description, including the individual one of the factory number, the jury well might find that the minds of the parties met, notwithstanding an incorrect description as to one fact, if they found that that fact was not material. See *Hecht* v. *Batcheller,* 147 Mass. 335, 338; *Everson* v. *General Accident Fire & Life Assurance Corp.* 202 Mass. 169, 173. There was evidence tending to show that the alleged misstatement as to the year model did not increase the risk of loss, and hence was not material. This distinguishes the cases from those like *Bowditch* v. *Norwich Union Fire Ins. Co.* 193 Mass. 565, and *Harris* v. *St. Paul Fire*

*& Marine Ins. Co.* 126 N. Y. Sup. 118. Without reciting this evidence in detail, the testimony of the plaintiff's witnesses, and the rate sheets issued by the insurance companies, indicated that there would have been no increase of premium if the cars in question had been made in the earlier years, as claimed by the defendants. The list price of each of the cars in question was more than $3,500. The premiums for insurance on the higher priced cars seem to depend on the original list price, and the amount of insurance; and the year model would not make any difference so far as the "Insurance Rates" table shows. The "Instructions and Limits" restricting the amount of insurance to be written, apparently do not limit the amount for which such higher priced cars may be insured, except that the amount must not be more than the actual value, and probably not more than the cost of the automobile to the assured. In other words there was evidence for the jury that no greater premium would be charged for a Fiat 1907 than for a Fiat 1908 car, and that hence the misstatement, if made, did not increase the risk of loss and was immaterial. The Hotchkiss cars were insured as "Dealers' Automobiles," and admittedly the rate was properly determined by adding one per cent to the basis rate for new cars, and did not depend upon their age. Further, although the agents testified that they would not have issued the policies at all if they thought that the cars were 1906 or 1907 model, the jury could find, in view of the rate sheets and other testimony, that only in the case of the cheaper cars of model before 1909 did the company reserve the right to accept the risk "only after the receipt of application with full particulars." They may have been content in the case of the higher priced cars with the protection afforded by the provision that the "amounts to be insured must not be more than actual value."

The rulings requested by the defendants were refused rightly. As already stated, there was evidence for the jury that the alleged misstatements as to year model were not made in fact, and further, that, even if made, they were in the nature of an immaterial description of automobiles which were known and which were identified by their individual factory numbers. The weight of the evidence was for the jury to determine. The charge was sufficiently favorable to the defendants and embodied their re-

quests with reference to misrepresentations and to the attaching of the policies, which were based upon the evidence they offered. The exceptions to portions of the charge, and those relating to evidence have not been argued. We have examined them, however, and discover no error.

*Exceptions overruled.*