WILLIAM C. DOHERTY & another *vs.* PHOENIX INSUR-
ANCE COMPANY.

SAME *vs.* CONNECTICUT FIRE INSURANCE COMPANY.

SAME *vs.* SPRINGFIELD FIRE AND MARINE INSURANCE
COMPANY.

SAME *vs.* SCOTTISH UNION AND NATIONAL INSURANCE
COMPANY.

SAME *vs.* ST. PAUL FIRE AND MARINE INSURANCE
COMPANY.

SAME *vs.* SUN INSURANCE OFFICE.

SAME *vs.* NEW HAMPSHIRE FIRE INSURANCE COMPANY.

SAME *vs.* LIVERPOOL AND LONDON AND GLOBE INSUR-
ANCE COMPANY, LIMITED.

SAME *vs.* PHOENIX ASSURANCE COMPANY, LIMITED.

SAME *vs.* FIREMEN'S INSURANCE COMPANY OF NEWARK,
NEW JERSEY.

SAME *vs.* HARTFORD FIRE INSURANCE COMPANY.

SAME *vs.* NORWICH UNION FIRE INSURANCE COMPANY,
LIMITED.

SAME *vs.* MASSACHUSETTS FIRE AND MARINE INSUR-
ANCE COMPANY.

Middlesex. March 27, 1916. — May 20, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & PIERCE, JJ.

*Practice, Civil,* Exceptions, Cases tried together. *Evidence,* Presumptions and
burden of proof. *Insurance,* Fire. *Reference and Referee. Arbitrament and
Award.*

When a bill of exceptions is presented to a trial judge for allowance, it is his duty
to allow or to disallow it, and in disallowing it he may, if he deems it necessary,
state his reasons in the certificate of disallowance. In the present case the judge
allowed a bill of exceptions and in his certificate of allowance described a motion
to dismiss the exceptions on the ground that they were not filed seasonably,
on which he had not acted, and it was *said,* that a motion could have been made
in this court to dismiss the exceptions for want of jurisdiction but that the mo-

tion to dismiss the exceptions filed in the trial court properly could not be considered by this court because it never had been passed upon by the trial judge.

Where a number of cases, brought by the same plaintiff against different defendants on separate fire insurance policies for a loss arising from the destruction of the same property by the same fire, were tried together and a verdict was returned for the plaintiff in each of the cases, it was *held,* that a single bill of exceptions presented jointly by all the defendants properly might be allowed.

In an action on a fire insurance policy the jury found, in answer to a special question submitted to them, that the plaintiff did not set the fire nor cause it to be set, and the defendant excepted to the exclusion of certain evidence offered by it on this issue but failed to state in its bill of exceptions the evidence which, it contended, tended to show that the plaintiff set the fire, giving as a reason for such failure, that as the issue was left to the jury it was to be presumed that there was some evidence on both sides. *Held,* that, in the absence of a statement of such evidence, the relevancy of the evidence excluded could not be determined, and that the exception must be overruled.

It is a general rule that referees or arbitrators clothed with the power of deciding controverted questions between party and party must be disinterested and impartial unless by the mutual understanding of the parties they or some of them purposely are selected as partisans.

In this Commonwealth, in an action upon an award of referees, the award can be impeached on the ground of alleged misconduct of the referees without resorting to a suit in equity to have the award set aside.

Where the powers of referees are unrestricted by the terms of the reference, their decisions on all necessary questions of law and their findings of fact involved in the determination of the controversy submitted to them are final. If at the hearings before them they make errors as to the admission of evidence or in the scope allowed to counsel in argument, such errors are not reviewable.

In an action on a fire insurance policy where the defendant sought to impeach the finding of the referees as to the amount of the loss on the ground of corruption of the referees by the plaintiff, it appeared that the plaintiff voluntarily paid for "lunches" furnished to the referees and offered them cigars, that the first luncheon was furnished with the knowledge of the defendant's counsel who made no objection to proceeding before the referees, and that a second luncheon was furnished at which cigars were supplied, of which the defendant's counsel did not know until the day after the award had been published. There was evidence that there was no concealment by the plaintiff on either occasion, that he did not act corruptly or with the intention of inducing the referees to decide in his favor and that the referees accepted the hospitality only as a courtesy, not deeming the occasion of any importance. *Held,* that the jury were warranted in finding that the referees had not been influenced improperly and had acted throughout the proceedings in good faith.

In the same case it was contended by the defendant that the award was so grossly in excess of the actual amount of the loss as to show that the referees must have been biased or have acted corruptly, and a large amount of evidence as to the value of the insured property at the time of the fire was introduced by the parties. Certain evidence offered by the defendant on this issue was *held* to have been excluded properly by the judge in the exercise of a sound discretion on the ground that it was too remote, speculative, collateral and immaterial and that it tended to confuse the jury and to divert their attention from the material issues on which they were to pass.

In the case above described it did not appear that a statement of all the evidence introduced by both parties before the referees was offered at the trial, and it was *held,* that the portion of such evidence printed in the record manifestly was insufficient to enable the jury to determine whether the referees committed such gross mistakes of overvaluation as to show misconduct.

BRALEY, J. The plaintiffs seek to recover in thirteen separate actions for loss of property covered by policies of fire insurance issued by the respective defendants. By order of the trial judge* the cases were tried together; and, a verdict having been returned for the plaintiffs in each case, the defendants presented and the judge allowed one bill of exceptions, stating in his certificate that the plaintiffs contended that each defendant should have presented a separate bill of exceptions, and that, as this had not been done, the exceptions were not filed seasonably and should be disallowed.

It was the duty of the judge either to allow or disallow the exceptions, giving, if he deemed it necessary, his reasons in the certificate, and, if the exceptions were allowed, the plaintiffs could move in this court that they be dismissed for want of jurisdiction. *Conway* v. *Callahan,* 121 Mass. 165. *Cooney* v. *Burt,* 123 Mass. 579. *Hale* v. *Rice,* 124 Mass. 292. *Browne* v. *Hale,* 127 Mass. 158. R. L. c. 173, § 106.

The motion to dismiss the exceptions on this ground filed in the trial court, although fully set forth in the certificate, has never been passed upon and cannot be considered. But, inasmuch as the question whether the exceptions were properly allowed is presented by the certificate and has been argued by counsel, it should be decided.

The actions, although brought for different causes, are for the recovery of one loss common to all the policies, and, with the exception that the verdicts, judgments and rescripts must be separate, a joint trial undoubtedly tended to benefit the parties, saving costs and expenses and preventing delay as well as tending to lessen the possibility of mistrials. *Lumiansky* v. *Tessier,* 213 Mass. 182, 188.

If these considerations were sufficient to justify the order of a joint trial before a jury, we perceive no sufficient reason why questions of law cannot be presented to this court by a single bill of

_____

* *Keating,* J.

exceptions wherein all parties aggrieved are joined. Indeed this practice has often been recognized and sanctioned without comment. *Locke* v. *Royal Ins. Co. Ltd.* 220 Mass. 202. *Whitcomb* v. *Boston Dairy Co.* 218 Mass. 24. *Christiansen* v. *Lannin,* 215 Mass. 322. *Rockwell* v. *Hamburg-Bremen Fire Ins. Co.* 212 Mass. 318. *Greenough* v. *Phoenix Ins. Co.* 206 Mass. 247. *Parker* v. *Middlesex Mutual Assurance Co.* 179 Mass. 528.

The exceptions being properly here, we come to the questions raised by the record.

While conceding that the policies were in force at the date of the fire and that proper proofs of loss had been furnished, and that referees to ascertain the amount of loss had been chosen as provided in each policy and awards had been made, the defendants, having declined to accept the awards, rested their defence on the ground stated in the following issues: "Whether or not the plaintiff [William C. Doherty] set the fire in question or caused it to be set;" "Whether or not the award of referees . . . was valid," and "Whether or not a certain policy which had been issued by the London Assurance Corporation, and which purported to cover the plans, patterns, drawings and blue prints for $1,500 and the machines and parts of machinery for $1,000, had been legally cancelled before the fire." And, these issues properly phrased having been submitted to the jury, they answered the first in the negative, and the second and third in the affirmative.

It will be convenient to dispose of the first and third issues before considering the second issue around which the principal controversy centres.

The brief of the counsel for the defendants states: That "the evidence which tended to show that the plaintiff, William C. Doherty, set the fire in question is not set forth in the bill, because it seemed to us to have no bearing on the only exceptions which we took relative to the matter, and because, from the fact that the question was left to the jury, it is to be presumed that there was evidence which justified it."

But this assumption of evidence of wrongful conduct cannot be made; and in the absence of such evidence as a foundation, the relevancy of the offer of proof which was excluded and is the sole exception under this issue, cannot be ascertained and determined. *Barron* v. *International Trust Co.* 184 Mass. 440. *Paquette* v. *Pru-*

*dential Ins. Co.* 193 Mass. 215, 222. *Whittemore* v. *New York, New Haven, & Hartford Railroad,* 191 Mass. 392.

The judge also rightly refused to rule, that there was no evidence from which the jury could find that the policy issued on the property by the London Assurance Corporation had been cancelled, and that, if the policies issued by the defendants were in force, then the policy of that company was also in full force and effect.

It was for the jury, under suitable instructions which were given, to determine from the letter of the company's agent to the plaintiffs demanding at the request of the company the policy for cancellation and from what occurred at a subsequent interview between him and one of the plaintiffs, whether there had been a mutual agreement and understanding that the policy had been terminated. *Smith* v. *Scottish Union & National Ins. Co.* 200 Mass. 50, 57. *Bennett* v. *City Ins. Co.* 115 Mass. 241, 243. *Alliance Mutual Ins. Co.* v. *Swift,* 10 Cush. 433.

The declarations having alleged, that in accordance with the requirements of the policies the amount of loss had been fixed by referees who have made their award in writing, and that upon making the award each of the defendants became bound to pay its proportionate part of the loss, the plaintiffs were required to offer evidence of a valid award as a condition precedent to recovery. St. 1907, c. 576, § 60, as amended by St. 1911, c. 406. *Union Institution for Savings* v. *Phoenix Ins. Co.* 196 Mass. 230, 234, 235. *Hanley* v. *Aetna Ins. Co.* 215 Mass. 425, 431. *Second Society of Universalists* v. *Royal Ins. Co. Ltd.* 221 Mass. 518.

It is a general rule, even if the letter, properly admitted in evidence, of the plaintiffs' counsel replying to a letter from the defendants' counsel previously introduced tends to show a contrary practice, that referees or arbitrators clothed with authority and the power of deciding controverted questions between party and party, should be disinterested and impartial, unless with the mutual understanding of the parties they are purposely selected as partisans. *Hills* v. *Home Ins. Co.* 129 Mass. 345. *Hanley* v. *Aetna Ins. Co.* 215 Mass. 425, 430. *Morville* v. *American Tract Society,* 123 Mass. 129, 140. *Williams* v. *Chicago, Santa Fe & California Railway,* 112 Mo. 463, 486, 489. And the defendants under our law can impeach an award on the ground that the ref-

erees were guilty of misconduct, instead of resorting to a bill in equity to have it set aside. *Bean* v. *Farnum,* 6 Pick. 269, 273.

The jury would have been warranted in finding that the plaintiffs voluntarily paid for "lunches" furnished to the referees and offered them cigars, and that at the hearings testimony as to the amount of premiums paid for insurance was admitted in evidence, and the plaintiffs' counsel was permitted to argue that the defendants' agent by whom the insurance was solicited knew the cost to the plaintiffs of the insured property and that, a large amount in premiums having been paid, the defendants were guilty of fraud if they declined payment of the loss suffered. But the error, if error there was, in the admission of evidence and in the scope allowed counsel in argument, is not reviewable. The referees were unhampered by any restrictions or conditions * and their decisions on all necessary questions of law, and their findings of fact involved in the question or controversy submitted, are final. *Bigelow* v. *Newell,* 10 Pick. 348. *Boston Water Power Co.* v. *Gray,* 6 Met. 131. *Smith* v. *Boston & Maine Railroad,* 16 Gray, 521. *Rundell* v. *La Fleur,* 6 Allen, 480. *Mickles* v. *Thayer,* 14 Allen, 114. *Gardner* v. *Boston,* 120 Mass. 266, 267. *Goodman* v. *Sayers,* 2 Jac. & W. 249, 259.

It is also settled that where the defeated party is aware of the existence of conditions which may influence the judgment of an arbitrator or referee, or previous to the hearing has sufficient notice of the partiality of one or more of the referees to put him upon inquiry but remains silent, he cannot afterwards object to the award or report on the ground of partiality. *Fox* v. *Hazelton,* 10 Pick. 275, 277. *New England Trust Co.* v. *Abbott,* 162 Mass. 148, 153. *Moseley* v. *Simpson,* L. R. 16 Eq. 226.

The furnishing of the first luncheon was with the knowledge of the defendants' counsel who made no objection to proceeding before the referees, but until the day after the award had been published the counsel did not know of the second luncheon at which cigars also were supplied.

The entertainment of an arbitrator or referee by one of the interested parties ordinarily is censurable. It may be so flagrant in

---

* The referees were chosen in the manner required by the arbitration clause contained in each of the policies, all of which were in the Massachusetts standard form prescribed by St. 1907, c. 576, § 60.

character as to justify and require the setting aside of the award. See *Robinson* v. *Shanks*, 118 Ind. 125. But the jury to whom in the case at bar this question was rightly left could find that there was no concealment by the plaintiffs on either occasion; that they did not act corruptly or with the intention of inducing the referees to decide in their favor, and that the referees accepted the hospitality only as a courtesy, not deeming the occasion, as one of them a witness for the defendants properly was permitted to state in cross-examination, of any importance, and that the referees had not been influenced thereby but acted throughout the proceedings in good faith. *Brown* v. *Bellows*, 4 Pick. 179, 192. *Strong* v. *Strong*, 9 Cush. 560. *Farrell* v. *German American Ins. Co.* 175 Mass. 340, 347. *Morville* v. *American Tract Society*, 123 Mass. 129, 139, 140, 141. *Liverpool & London & Globe Ins. Co.* v. *Goehring*, 99 Penn. St. 13. *Crossley* v. *Clay*, 5 C. B. 581. *In re Hopper*, L. R. 2 Q. B. 367, 374.

The policies having insured the patterns, drawings, models, jigs and blue prints and printed matter pertaining to the manufacture of planers and other machinery and also all the fixed and movable machinery and machines with extra and spare parts of the same and the shafting, belting, pulleys and hangers which were contained in the plaintiffs' three story frame building, basement and additions, and the defendants having pleaded that the award was so grossly in excess of the actual amount of the loss as to show that the referees must have been biased or have acted corruptly, a large amount of evidence as to the value of the property at the time of the fire was introduced by the parties. But offers of proof by the defendants, that the type of planers to be manufactured by the plaintiffs and the drawings and patterns therefor had been greatly diminished in value because other planers of alleged improved types had been put upon the market, and of the cost to the plaintiffs of manufacturing the planers and the time required and the number of men who necessarily must be employed, and the percentage of planers made by other manufacturers, and the place in which the plaintiffs' drawings and models were stored, or whether they could have been put in a safe, or why if of great value the plaintiffs did not keep them in a safe place, were so remote, speculative, collateral and immaterial as bearing on the question of the value of the insured property as well as tend-

ing to confuse the jury and direct their attention from the material issues upon which they were to pass, that their exclusion was within the sound discretion of the judge. *Abbott* v. *Shepard,* 142 Mass. 17, 21. *Anthony* v. *New York, Providence, & Boston Railroad,* 162 Mass. 60. *Dolan* v. *Boott Cotton Mills,* 185 Mass. 576, 579.

The exclusion, in the cross-examination of a witness called by the plaintiffs, of a question calling for his recollection of what a witness had said before the referees and of a question to one of the plaintiffs whether he testified before the referees substantially as he had at the trial and also "something more than at the trial" and of a copy of the brief for the defendants submitted to the referees, does not appear to have prejudiced the substantive rights of the defendants. *Worrell* v. *Baldwin Chain & Manuf. Co.* 222 Mass. 355. St. 1913, c. 716, § 1.

It furthermore does not appear that all the evidence introduced by both parties before the referees was offered at the trial, and a portion is manifestly insufficient to enable a jury to determine whether the referees committed such gross mistakes of overvaluation as to show misconduct. *Brown* v. *Bellows,* 4 Pick. 179, 192. *Bell* v. *Price,* 1 Zabr. 32, 36, 37, 38. The jury on the evidence submitted to them were to decide under suitable instructions whether the total amount awarded was so grossly in excess and out of all proportion to the actual loss sustained, as to show, when viewed in connection with the other allegations of misconduct, that there was fraud or partiality on the part of the referees.

It being plain for reasons previously stated that on its face the award as matter of law was not invalid on either ground alleged and that it could only be impeached by extrinsic evidence, the request that a verdict for the defendants be ordered could not have been given. It is sufficient to say that, the plaintiffs not having contended that the demand by the defendants for resubmission had been waived, the requests relating thereto were immaterial, while full and accurate instructions were given that the plaintiffs could not recover unless the award was found to be valid. The judge was not required to give the requests based on particular portions of the evidence. *Moseley* v. *Washburn,* 167 Mass. 345, 362. And the plaintiffs' requests to the giving of which the defendants excepted were correct and appropriate. *Washington Mills Emery Manuf. Co.* v. *Weymouth & Braintree Mutual Fire Ins.*

*Co.* 135 Mass. 503. *Farrell* v. *German American Ins. Co.* 175 Mass. 340. *Hanley* v. *Aetna Ins. Co.* 215 Mass. 425.

The defendants also excepted to the instructions. It was unnecessary for the judge to recite the evidence. The jury were told, "If you find that in the making of this award there was fraud on the part of one or more referees, or bias or prejudice, or that there was misconduct on the part of Doherty or someone else that influenced one or more of the referees in the making of the award, then the award would not be valid. But, if you find that these referees acted honestly and with a desire to arrive at a just and correct result, then the award would be valid. That is to say, gentlemen, if you find that the referees were free from bias, prejudice or fraud, in the making of the award, and that there was no misconduct on the part of the plaintiff or anybody else that influenced them in the making of the award, then you will be justified in finding that the award was valid."

"One of the grounds on which the defendants base their claims is that, as they allege, the award was grossly excessive. The plaintiffs deny that the award was excessive. The plaintiffs claim that the actual value of the insured property at the time of the fire was in excess of the amount of the award. So it becomes necessary for you to ascertain whether the amount of the award was excessive. "Even if you should find that the award was excessive, that would not be sufficient to warrant you in finding that because of that circumstance alone there was fraud, bias or prejudice on the part of any of the referees. It is only when the award is so grossly and palpably above the actual loss as to afford intrinsic evidence of fraud, bias or prejudice on the part of one or more referees, that you would be warranted in finding that there was fraud, bias or prejudice on the part of one or more referees because the award was in excess of the actual value of the insured property."

The charge is to be considered as a whole; and, without further review, the law by which the jury were to be guided was correctly and clearly stated. *Conners Brothers Co.* v. *Sullivan,* 220 Mass. 600.

We have considered all the exceptions in so far as argued and finding no reversible error the order must be

*Exceptions overruled.*

*W. L. Came,* for the defendants.
*J. M. Maloney,* (*F. J. Maloney* with him,) for the plaintiffs.