This certifies that this is the opinion of the Appellate Division in this cause.

**Charles R. Jannino**
**Clerk, Appellate Division**

**Susan M. BORDEAUX**
vs.
**Laurie A. MEIER & another**[1]

**No. 296**

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

**August 10, 1981**

**Kevin D. Withers,** counsel for plaintiff
**Edward J. Farrell,** counsel for defendants

[1] State Farm Mutual Automobile Insurance Company.

## DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Western District sitting at Springfield upon report from the Northampton Division and no error having been found,

It is hereby

**ORDERED:** That the Clerk of the Northampton Division make the following entry in said case on the docket of said Court, namely: Report dismissed.

Date: **August 10, 1981**
**William T. Walsh**
**Presiding Justice**
**Bernard Lenhoff, Justice**
**Mel L. Greenberg, Justice**
Opinion filed herewith.

**Robert E. Fein, Clerk**

## OPINION

**WALSH, P.J.** This is an action brought by the plaintiff's insurance company, Hartford Insurance Company (Hartford), to recover for payment of its subrogated loss. The trial court dismissed the action to allow the matter to be heard in arbitration and Hartford appeals. The question presented on this appeal is whether the trial court properly dismissed the action once the subject matter of the suit was found to be properly within the arbitration clause of a contract entered into by the parties.

The evidence in this case tended to show that on September 2, 1977, the plaintiff sustained damage to her car in an accident involving defendant. At the time of the accident defendant stated that she was insured by State Farm Mutual Automobile Insurance Company (State Farm). Subsequently, plaintiff's losses were reimbursed by her insurance carrier, Hartford, and the latter company therefore became subrogated to the claim of plaintiff.

Demands were made by Hartford upon State Farm for payment of its subrogated claim. State Farm's response was that it had no knowledge of any policy of insurance to defendant or any record of a report from her. Hartford therefore initiated suit directly against defendant for payment. As a result of this suit evidence was developed that showed that State Farm did indeed cover the defendant. Demand was again made of State Farm and was again refused based on the lack of any knowledge of a policy covering the defendant.

State Farm was then impleaded as a party defendant. State Farm's answer denied the issuance of a policy covering the defendant, denied the defendant's compliance with the terms of the policy, and denied that it had received any notice from the plaintiff demanding payment. State Farm subsequently found that it did cover the defendant and filed a motion to dismiss since the real parties in interest, itself and Hartford, were signatories to an arbitration agreement. At the time, State Farm admitted coverage, that it had no policy defense, and that it would raise no policy defense. Hartford agreed to withdraw the suit provided that State Farm pay court costs, sheriff fees, and attorney fees. The trial court granted the motion to dismiss without prejudice but did not award costs or attorney fees.

Hartford's contention in objecting to the dismissal is that State Farm waived the issue of arbitrability by denying liability under the policy issued to the defendant. See, e.g. **Lamson Consol. Store Serv. Co. v. Prudential Fire Ins. Co.,** 171 Mass. 433, 435-437 (1898), **Fall River v. Aetna Ins. Co.,** 219 Mass. 454, 458 (1914), **Moran v. Phoenix Ins. Co.,** [2] a Mass. App. Ct., (1979). Although Hartford correctly states the law, it has unsuccessfully stated the issue. State Farm never denied its liability. In all its responses to the various demands for payment State Farm only denied the existence of any policy. Once the policy was proved it never denied liability. In fact, it admitted that it had no policy defense.

The cases cited by plaintiff show facts where the insurance company admits the

---

[2] a 1979 Mass. App. Ct. Adv. Sh. 1302, 1304-1305.

731

existence of the policy but denies the existence of any loss covered by the policy. Questions of whether a policy covers a loss and the extent of that loss are questions of contract interpretation and are within the scope of an arbitration agreement. Such is not the case here.

State Farm's denial of the existence of an applicable policy is the equivalent of denying the existence of an arbitrable matter under the agreement to which it and Hartford are signatories. Absent the existence of a policy there would be no arbitrable matter for consideration and State Farm would have no duty to plaintiff or Hartford. This initial question of whether there is an arbitrable issue is one for the court to determine. **Atkinson v. Sinclair Refining Company,** 370 U.S. 238, 241 (1962). Once this preliminary question of arbitrability is answered in the affirmative, the matter is properly to be dismissed by the court in order to allow arbitration.

It does not appear that the judge would have been warranted in allowing costs to the plaintiff in this action. There was no applicable statute or contract providing for it or rule permitting it. **Broadhurst v. Director of the Division of Employment Security,** 373 Mass. 720, 721-722 (1977). Even if the awarding of costs were discretionary, there is no showing of an abuse of discretion. **Glenn Acres, Inc. v. Cliffwood Corp.,** 353 Mass. 150, 156 (1967). See, **Bond v. Fay,** 1 Allen 212. **Cf.,** G.L. c. 261, sec. 1. The awarding of attorney's fees stands on no firmer foundation. "Counsel fees generally are not recoverable in this Commonwealth in the absence of statutory authorization." **Kohl v. Silver Lake Motors, Inc.,** 369 Mass. 795, 801 (1976). See, **C. J. Hogan, Inc. v. Atlantic Corp.,** 332 Mass. 322, 327 (1955).

No error having been found, the report is hereby dismissed.

William T. Walsh, P.J.
Mel L. Greenberg, J.
Bernard Lenhoff, J.