ERNEST C. CHUBBUCK *vs.* CAROLINE HAYWARD.

Suffolk. November 13, 1913. — February 27, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Practice, Civil,* Rulings. *License. Plumbing.*

In an action in a municipal court for the price of plumbing materials and work connected therewith, where it appeared that the work was done in Boston by a person employed by the plaintiff who was not a licensed plumber under the

provisions of R. L. c. 103, the trial judge refused to rule that under the provisions of R. L. c. 103 as to the licensing of plumbers "and all existing statutes upon the subject" the plaintiff could not recover, and based this refusal on a mistaken opinion that R. L. c. 103 was not operative in the city of Boston. It did not appear by the record before this court that the work done by the plaintiff was subject to inspection as required by c. 103. It did not appear that the plaintiff was not registered under St. 1907, c. 550, § 113, and it also did not appear that the plaintiff did not hold a certificate issued by the State examiners under St. 1909, c. 536, §§ 2, 4, so that no license was required. *Held*, that, as it did not appear that the work was done illegally, the refusal of the judge to rule that the plaintiff could not recover was not shown to be erroneous, and that it was immaterial that the judge gave a wrong reason for his refusal of the ruling.

CONTRACT on an account annexed for labor performed and materials furnished by the plaintiff in repairing a house in Boston owned by the defendant. Writ in the Municipal Court of the City of Boston dated December 13, 1912.

The only items in dispute at the time of the report were certain items for plumbing materials and work connected therewith, amounting to $22.51. The judge of the Municipal Court found as a fact that the plumber employed by the plaintiff was not a licensed plumber. The defendant contended that under R. L. c. 103 the plaintiff was not entitled to recover on these items because the plumber who did the work was not licensed, and asked the judge to rule that, under R. L. c. 103, §§ 1, 8, "and all other provisions as to license of plumbers therein contained and of any and all existing statutes upon the subject, the plaintiff cannot recover for the plumbing charged in the declaration."

"There was no evidence offered to show that this statute had become operative in the city of Boston by any rule, regulation or ordinance of the city of Boston." The judge refused to give the ruling and ordered that a finding be entered for the plaintiff.

At the request of the defendant, the judge further found that there was a water system in the city of Boston on the street where this house was, and reported the case under St. 1912, c. 649, § 8, for determination by the Appellate Division.

The Appellate Division ordered that the report be dismissed; and the defendant appealed.

*W. O. Childs*, for the defendant.

*H. Bergson*, for the plaintiff.

HAMMOND, J. The defendant contends that the ruling requested was refused solely upon the ground that R. L. c. 103,

was not operative in the city of Boston and that the sole question upon this report is whether the statute was thus operative, and that, if it was, then the defendant, as to the items in dispute, should prevail.

The plaintiff, although now conceding that the statute was operative and that the trial judge was wrong in thinking otherwise, maintains that, even if the judge did refuse the ruling solely upon the ground stated by the plaintiff, still the ruling must stand if it can be sustained upon any ground.

We are of opinion that the plaintiff's view as to the scope of the report is correct. The ruling requested was a general one, that, under the provisions of law as to the licensing of plumbers "and all existing statutes upon the subject," the plaintiff could not recover for the items in dispute. The question raised by the report is whether upon the facts shown in the report the refusal to give this ruling was erroneous, or in other words, whether the request should have been given. The question before us therefore is whether the ruling of the judge was erroneous and not whether the reason he gave for his ruling was sound.

Upon this interpretation of the report the plaintiff contends that there is nothing upon the record to show that the work done was work subject to inspection as required by R. L. c. 103 (see §§ 1 and 8), and therefore that it is not shown to have been illegally done. In this contention the plaintiff is right. It is impossible to ascertain from this report, including the pleadings, whether the items in dispute were or were not for work requiring inspection. So far as St. 1907, c. 550, § 113, is concerned it does not appear that the plumber was unregistered, and so far as St. 1909, c. 536, §§ 2, 4, is concerned it does not appear that he did not have a certificate and so did not need to be licensed. Hence it does not appear that the action of the judge was erroneous or that the ruling requested should have been given.

*Order dismissing report affirmed.*