JOHN H. D. WHITCOMB *vs.* BOSTON DAIRY COMPANY.

CHARLES A. KIMBALL *vs.* SAME.

G. FRED WILDE *vs.* SAME.

CHARLES A. DAVIS *vs.* SAME.

DANA A. FAWCETT *vs.* SAME.

THOMAS E. MENTZER *vs.* SAME.

LORENZO SANDERSON *vs.* SAME.

FRANK PICARD *vs.* SAME.

Suffolk. March 10, 1914.—May 22, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Milk. Evidence,* Presumptions and burden of proof.

In an action of contract for the price of milk sold and delivered, where at the trial the plaintiff has shown that the milk was sold and delivered to the defendant and during a long period was accepted by him without complaint, and where the defendant at the trial has introduced no evidence that R. L. c. 56, §§ 56, 57, was violated by the plaintiff or that the milk furnished by him was not natural unadulterated milk of the quality required by the statute, and the defendant's counsel has made no suggestion to this effect before the close of the evidence, the plaintiff, on this evidence and the presumption of innocence, is entitled to go to the jury, although he introduced no direct evidence that the percentage of milk solids contained in the milk sold by him to the defendant was that required by R. L. c. 56, § 56.

EIGHT ACTIONS OF CONTRACT, each by a different plaintiff, against the Boston Dairy Company, a corporation having a usual place of business in Boston, each action being on an account annexed for milk sold and delivered to the defendant. Writs in the Municipal Court of the City of Boston dated, one on March 11, 1912, and the other seven on March 27, 1912.

The answer in each case was a general denial.

On appeal to the Superior Court the cases were tried together, in groups according to the facts, before *Lawton,* J. The evidence is described in the opinion. At the close of the evidence the defendant in each case asked for five rulings, of which the last three have become immaterial. The first and second were as follows:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. Upon all the evidence the plaintiff has not shown that the milk furnished· by him was of the standard quality required by R. L. c. 56, § 56."

The judge refused to make these rulings and submitted the cases to the jury, who in each case returned a verdict for the plaintiff in accordance with the amount claimed. The defendant alleged exceptions, including certain exceptions which were not argued and therefore were treated as waived, as stated in the opinion.

The cases were submitted on briefs.

*M. J. Sughrue & D. J. Triggs,* for the defendant.

*F. L. Simpson, O. A. Cunningham & C. W. Wood,* for the plaintiffs.

BRALEY, J.   The defendant's exceptions to the admission of evidence and to the refusal of the presiding judge to give the third, fourth and fifth requests, not having been argued, are to be treated as waived.   It ordinarily would follow that, the sale and delivery of the quantity of milk as charged in each action having been abundantly proved, the defendant in the first three cases would be bound to pay the fair market price at the place of shipment, and in the last five cases the price named in the offer of the company found in the letter of its president to the plaintiff Davis. *Lowe* v. *Pimental,* 115 Mass. 44.   *Zoller* v. *Morse,* 130 Mass. 267.

But, as the R. L. c. 56, § 56, has defined the percentage of milk solids exclusive of fat necessary for standard milk, and by § 57 has made the sale or exchange of milk below the standard punishable as a misdemeanor, the defendant contends, that in the absence of direct evidence that the milk supplied conformed to the requirements of the statute, its first and second requests that neither of the plaintiffs could recover should have been given.

It is said in *Copeland* v. *Boston Dairy Co.* 184 Mass. 207, that a contract to sell milk means as a matter of construction a contract to sell milk which fulfills the requirements of the statute, and a delivery of another kind of milk would fail as a matter of description to comply with a contract to sell and deliver milk. And the plaintiff had the burden of proving compliance with the statute.   The declaration, however, in each case being a count

upon an account annexed, which, under our system of pleading, contains as to each item the allegations of the common count for goods sold and delivered, it was not demurrable, and the defendant was compelled to answer the merits. *Massachusetts Mutual Life Ins. Co.* v. *Green,* 185 Mass. 306.

The defense is not that the plaintiffs failed to prove delivery; it is that the sales were not shown to have been of standard milk. The cases of *Miller* v. *Post,* 1 Allen, 434, and *Libby* v. *Downey,* 5 Allen, 299, very plainly are distinguishable. In the first case the parties agreed, that the cans used in the sale of the milk had never been sealed as required by St. 1859, c. 206, § 4; while in the second case, where the plaintiff sued for the price of coal that had not been weighed by a sworn weigher and a certificate of the weight delivered to the buyer in conformity with Gen. Sts. c. 49, § 189, the answer stated the specific ground upon which the defendant relied to defeat the plaintiff's right to recover.

Nor are the plaintiffs cast by the rule, that, where a plaintiff cannot make out his claim for either damages or an alleged debt without showing an illegal act on his part, he must fail, he being a transgressor whom the court will not assist. *Bourne* v. *Whitman,* 209 Mass. 155, 166, 169. *Miller* v. *Ammon,* 145 U. S. 421. The jury, as the record stands, would not have been warranted in finding that either of them had subjected himself to a criminal prosecution. The presumption of innocence had not been overthrown. *Commonwealth* v. *Vieth,* 155 Mass. 442. The absence of any evidence or even of a suggestion by counsel for the defendant before the testimony closed, that the statute had been violated, or that the milk, which during a long period had been accepted without complaint, was not natural unadulterated statutory milk, made a *prima facie* case that the milk delivered complied with the statute and was sufficient to send each case to the jury.

The presiding judge properly declined to order verdicts for the defendant, and the exceptions must be overruled.

*So ordered.*