WILFRID H. BARRIERE *vs.* ALFRED M. DEPATIE.

Worcester.    September 29, 1914. — October 22, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Contract,* Validity. *Plumber. License. Words,* "Estimate."

Where labor and materials have been furnished by one who made "an estimate . . . for the entire work, which included labor and materials," he is not bound by such estimate as an agreement to furnish the work and materials at that price, it being merely an expression of opinion.

One, who has not been licensed or registered as a master plumber or a journeyman plumber under R.L. c. 103, or under St. 1909, c. 536, may recover on an account annexed for labor and materials furnished by him for certain plumbing work, if when he undertook to furnish the labor and materials he intended to do so in a lawful manner and he caused the work to be performed by men duly licensed respectively as a master plumber and as a journeyman plumber; because these statutes do not require that a contractor who agrees to furnish plumbing work should be licensed.

CONTRACT upon an account annexed for labor and materials performed and furnished by the plaintiff for the defendant. Writ in the Central District Court of Worcester dated June 16, 1913.

On appeal to the Superior Court the case was submitted to *Dubuque,* J., upon an agreed statement of facts as follows:

The labor and materials in question were performed and used in doing certain plumbing work for the defendant. At the time the contract was made, under which they were performed and used, "an estimate was made by the plaintiff to the defendant, for the entire work, which included labor and materials.

"No separate estimate was given for material alone, nor was any estimate given for the labor alone. The entire work, including labor and materials, was treated by both the plaintiff and the defendant as being one entire job or contract, and was never divided by them, and was one entire contract.

"The plaintiff, himself, was not and never has been registered as a master plumber, nor licensed as a journeyman plumber.

"The plaintiff, however, was in the plumbing business, as a contracting or employing plumber, taking contracts for plumbing work. The plaintiff, himself, did not actually personally do the plumbing work, but men in his employ, receiving weekly wages, did the actual work. The plaintiff conducted a plumbing business, with a regular place of business, at which place he also conducted a tinsmithing business.

"A permit was issued to the plaintiff by the city of Worcester for the performance of the plumbing work involved in this action. Said work was inspected and accepted by the plumbing inspector of the city of Worcester, which city had accepted the provisions of R. L. c. 103, requiring inspection and permit.

"If the fact is considered material, it is further agreed, that the men in the employ of the plaintiff and receiving weekly wages from him, and who actually performed the work involved in this action, had been licensed by the Commonwealth of Massachusetts, one as a journeyman plumber and the other as a master plumber, and did said work while licensed as aforesaid.

"If, upon the above facts, the plaintiff is entitled to recover only for the materials, it is agreed that a verdict should be entered for the plaintiff for $28.39, and costs of suit.

"If, upon the above facts, the plaintiff is entitled to recover for both labor and materials, it is agreed that a verdict should be entered for the plaintiff for $48.39, and costs of suit.

"If, upon the above facts, the plaintiff is not entitled to recover for either labor or materials, it is agreed that a verdict should be entered for the defendant and his costs of suit.

"It is hereby agreed, that for the purposes of this case, the facts above stated are true.

"It is agreed that the court may draw such inferences as seem probable from the agreed statement of facts.

"If considered material it may be found to be a fact that the plaintiff was conducting a plumbing business with permission of the board of health of the city of Worcester. It is also agreed that the declaration and pleadings in this case be made a part of this statement of agreed facts."

The defendant asked the judge to rule that upon the agreed

statement of facts the plaintiff was not entitled to recover and that judgment should be entered for the defendant. The judge refused to make this ruling and found for the plaintiff, filing the following memorandum of decision: "The plaintiff agreed, according to the statement of agreed facts, to furnish material and labor to do work for the defendant. It may be inferred from the facts agreed that he (the plaintiff) intended to do his work or perform his contract legally, since he actually did so by employing only licensed plumbers to do the work. Under such circumstances I rule that the plaintiff is entitled to recover the whole amount sued for. . . . It cannot be that a contract to build a house and furnish the plumbing therein, if the latter is furnished by a licensed plumber, is invalid or illegal; and a contract to repair stands on the same footing. I, therefore, find for the plaintiff and assess damages in the sum of $48.39 and costs of suit."

The defendant alleged exceptions.

The case was submitted on the defendant's brief.

*W. C. Foley,* for the defendant.

BRALEY, J. The plaintiff, never having been licensed either under R. L. c. 103, or the St. of 1909, c. 536, as a master or journeyman plumber, the defendant contends, that, even if a permit was obtained from the city and the work was performed by licensed plumbers and accepted by the inspector of plumbing, yet the statute has been violated and the contract in question therefore is void. The contract has been executed, and, if the consideration is single and any part is tainted with illegality there can be no recovery. *Kennedy* v. *Welch,* 196 Mass. 592, 596.

What were its terms? The "estimate" given for the work included both labor and materials. But an estimated price may exceed or fall below the actual expenditure. It is merely an opinion and not the equivalent of an amount mutually agreed upon for which the contractor engages to perform the work. The declaration being on an account annexed, no reason appears why the plaintiff cannot recover for materials furnished. *Jones* v. *Ilsley,* 1 Allen, 273. *Dean* v. *Emerson,* 102 Mass. 480. *Whitcomb* v. *Boston Dairy Co.* 218 Mass. 24.

A more difficult question is whether the action can be main-

tained on the items for labor. The statute is to be read as a whole to ascertain the legislative purpose, and, unless it is necessary to hold the contract void in order to accomplish that purpose, the inference is that the statute was not intended to be prohibitory of the contract. *Bowditch* v. *New England Mutual Life Ins. Co.* 141 Mass. 292. *Gaston* v. *Gordon,* 208 Mass. 265. *Pangborn* v. *Westlake,* 36 Iowa, 546. *Pratt* v. *Short,* 79 N. Y. 437, 445. *Bank of the United States* v. *Owens,* 2 Pet. 527, 539. *Harris* v. *Runnels,* 12 How. 79, 84.

It relates to the supervision of plumbing, and full provisions are made for the examination, licensing and registration of master and journeyman plumbers, and the approval of their work by an inspector. Its primary object is the conservation of the public health from the deleterious effects which experience has shown arise from unsanitary and insufficient plumbing work due to the lack of technical knowledge and skill of those who perform it. The penalty found in St. 1909, c. 536, § 10, makes every person engaged in the business of plumbing as a master plumber, or working at the business as a journeyman plumber without being registered or licensed as required by the act, guilty of a misdemeanor punishable by fine. And by § 9 a "master or employing plumber" is defined as meaning "a plumber having a regular place of business and who himself, or by journeyman plumbers in his employ, performs plumbing work."

But the plaintiff did not hold himself out, or carry on business, or contract with the defendant as a master plumber. If the contract is viewed as a whole he undertook to provide not only labor but materials, and the analysis of the defendant's position must go to the extent of saying, that no valid contract for the performance of such work can be made unless the contractor himself has been duly licensed and registered as a master plumber. It would include a contractor engaged in the general business of building or repairing houses or other structures including the plumbing work, either by the day or for a round sum, and who in performance of this part of his contracts complies with the statutory requirements — a prohibition which we are not inclined to read into the statute, which does not expressly, or by implication because of the penalty, declare that such contracts shall be void as in *Nourse* v. *Pope,* 13 Allen, 87,

and *White* v. *Buss,* 3 Cush. 448, 450. See also *Faneuil Hall Bank* v. *Bank of Brighton,* 16 Gray, 534, 538, 539, 541.

The judge to whom the case was submitted on an agreed statement of facts with power to draw inferences of fact, having been warranted in finding that the contract could be enforced, the exceptions must be overruled.

*So ordered.*