GEORGE I. ROGERS *vs.* WILLIAM C. ABBOTT.

Middlesex.   December 14, 1923. — February 28, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract*, Implied, Validity.   *Plumber*.   *Evidence*, Judicial notice.   *Municipal Corporations*, By-laws and ordinances.

An action upon an account annexed for plumber's labor and plumber's material alleged to have been furnished by the plaintiff to the defendant was heard by a judge without a jury upon a report by an auditor and testimony by the defendant.   The auditor's report did not contain a report of the evidence, but contained findings favorable to the plaintiff.   The defendant contended that he made no agreement with the plaintiff, but that he made one with a third party who was not a master plumber and who employed the plaintiff, and that the third party and the plaintiff procured a permit to do the work in the name of one who was a master plumber, which the defendant contended was illegal and fraudulent as in violation of R. L. c. 103, §§ 1, 8.   There was no evidence of a municipal ordinance which in the regulation of plumbing required that a permit be obtained by master plumbers or others to do plumbing work; nor was there evidence that either the plaintiff or the third party was not licensed as a journeyman plumber or that either of them employed the other or employed other journeymen plumbers to do work for the defendant, or that they did not do the work as copartners as they legally might under R. L. c. 103, §§ 1, 8.   *Held*, that a finding for the plaintiff was warranted.

No exception lies to the refusal by a judge, hearing an action at law without a jury, to make requested findings of fact or to make rulings of law which are inapplicable to the facts found by him.

CONTRACT upon an account annexed for plumber's labor and plumber's materials furnished in the making of plumbing

additions and alterations to premises owned by the Helvetia Realty Company on Huntington Avenue in Boston. Writ dated March 14, 1919.

In the Superior Court, the action was referred to an auditor. Material findings by the auditor are as follows:

" The defence is that the defendant made no contract or agreement, either express or implied, with the plaintiff, but that he contracted with one MacFadyen; that in making the contract he acted as the representative and agent of the Helvetia Realty Company. . . . The defendant was an officer of the corporation. A man by the name of MacFadyen, a tinsmith and plumber by trade, had previously done work for Mr. Abbott, the defendant, and when Abbott, in the Spring of 1918, had under consideration the work to be done on the property at 706-708 Huntington Avenue, known as the Hotel Helvetia, he had a talk with MacFadyen with relation thereto. . . .

" MacFadyen did not hold a license as a master plumber, and he explained to Abbott that it would be necessary for him to have some one associated with him on the job of this size; that he intended to take in Rogers, the plaintiff in this action and divided equally with Rogers the profit on the job. The evidence does not go far enough to warrant a finding that Abbott expressly assented to this arrangement, but it does justify, and I therefore find, that he raised no objection to it. . . .

" On all of the evidence, I find that Abbott offered the job to MacFadyen; MacFadyen told Abbott it would be necessary to take in some one else; MacFadyen did take in Rogers with the knowledge and tacit consent of Abbott; that the work proceeded under the general direction and superintendence of Rogers; that Abbott, who visited the building frequently, knew of this fact and raised no objection thereto.

" Neither Rogers nor MacFadyen knew that the title to the property stood in the Helvetia Realty Company. All of the arrangements were made with Mr. Abbott, and credit was given to him personally.

" The defendant has made much of the fact that Rogers did not hold a master plumber's license, and that he secured

the permit to do the work in the name of one Luny. I find and rule, however, that although such was the fact this does not preclude the plaintiff from recovering in this action. Luny had no connection with the job except to allow the use of his name in securing the permit from the building department. . . .

" MacFadyen and Rogers were probably partners in this enterprise, but the defendant has not pleaded non-joinder. MacFadyen, who was a witness, makes no claim that he is entitled to recover from the defendant on account of the labor and materials used on this job.

" Against the objection of the defendant, I rule that the plaintiff is entitled to maintain this action.

" On all the evidence, I find that the plaintiff is entitled to make charges to the aggregate amount of $1,313.29 and that the defendant is entitled to credits amounting to $669.93, leaving a balance which I find to be due the plaintiff of $643.36, with interest thereon from the date of his writ."

The action was heard by *Walsh*, J., without a jury, upon the auditor's report and testimony by the defendant. The defendant asked for certain findings of fact which, in so far as they were inconsistent with the findings of the auditor, the judge refused. The defendant also asked for the following rulings of law:

" 1. That on the whole evidence, as a matter of law the plaintiff cannot recover.

" 2. That the act of plaintiff in procuring a permit, through the use of Luny's name to do the work, was fraudulent.

" 3. If fraud is shown as part of his undertakings, plaintiff cannot recover as he cannot take advantage of his own fraud.

" 4. The permit to Luny, (Luny having no interest or connection with the job), could not have been legally used by plaintiff so as to afford his doing the work or carrying out his alleged undertaking and afford him the right to recover.

" 5. R. L. c. 103, and particularly § 1, is a prohibition statute. Plaintiff, before he can be permitted to recover must have shown that he did not do any illegal act in procuring the permit in Luny's name or in the name of any other disinterested party, or that he did no illegal act in laboring

on the job without a permit running to him authorizing him personally to do the work.

" 6. The permit being issued in the name of Luny, presumably a licensed master plumber, could not, on the evidence, have been used by the plaintiff, and thus afford him any right or rights under that permit.

" 7. That a permit is merely a license to the party receiving the permit to do a certain thing. The permit in question did not run to the plaintiff or authorize the plaintiff in any way to do the work or furnish the materials.

" 8. That the statute in force in 1918 is mandatory; the violation of it is prohibited. The plaintiff in carrying out his alleged contract with the defendant, without having a permit authorizing him personally to do the work, violated that statute and therefore cannot recover."

The rulings were refused. The judge found for the plaintiff in the sum of $781.90. The defendant alleged exceptions.

R. L. c. 103, §§ 1, 8 (now G. L. c. 142, §§ 1, 3, 16) read as follows:

" Section 1. No person, firm or corporation shall engage in or work at the business of plumbing, either as a master or employing plumber or as a journeyman plumber, unless he or it has received a license or certificate therefor in accordance with the provisions of this chapter. The words ' practical plumber,' as used in this chapter, shall mean a person who has learned the business of plumbing by working for at least two years as an apprentice or under a verbal agreement for instruction, and who has then worked for at least one year as a first class journeyman plumber. The word ' journeyman,' as used in this chapter, shall mean a person who himself does any work in plumbing which is by law, ordinance, by-law, rule or regulation subject to inspection."

" Section 8. Whoever violates any provision of this chapter or any ordinance, by-law or regulation made hereunder shall be punished by a fine of not more than fifty dollars for each offence, and, if he holds a license under the provisions of this chapter, his license may be revoked by the inspector or board which issued it. If the offence was committed in a city or town other than that in which he received his license,

the person or board authorized to grant licenses to plumbers in such city or town may forbid him to engage in or work at the business of plumbing for not more than one year in such city or town. If a registered plumber to whom a certificate has been issued violates any provision of this chapter or any ordinance, by-law or regulation made hereunder, either the inspector of buildings or board of health which issued his certificate, or the person or board authorized to grant licenses to plumbers of the city or town in which the offence was committed, may forbid him to engage in or work at the business of plumbing in such city or town for not more than one year. Whoever engages in or works at the business of plumbing in any city or town in which he has been forbidden so to do under the provisions of this section shall be punished by a fine of not more than one hundred dollars for each offence. Any city or town subject to the provisions of this chapter which refuses to comply with any of its provisions shall forfeit fifty dollars to the use of the Commonwealth for each month during which such neglect continues."

*R. W. Light,* for the defendant.

*F. F. Collier,* for the plaintiff, submitted a brief.

PIERCE, J. The evidence in this case, offered by the auditor's report and by the testimony of the defendant, on the merits warranted the finding by the judge that there was no fraud of which the defendant could complain and that the plaintiff was entitled to judgment in the amount found by the auditor with interest from the date of the writ. G. L. c. 221, § 56. *Crocker* v. *Lowell,* 231 Mass. 249.

We are also of opinion on the facts shown by the record that the acts of the plaintiff were not illegal as being in violation of R. L. c. 103, §§ 1, 8. The record does not set out or refer specifically to any ordinance of the city of Boston which, in the regulation of plumbing, requires that a permit should be obtained by master plumbers or others to do plumbing work; and we cannot take judicial notice of such an ordinance or of its provisions. *Mahar* v. *Steuer,* 170 Mass. 454. *Attorney General* v. *McCabe,* 172 Mass. 417. *O'Brien* v. *Woburn,* 184 Mass. 598.

There is nothing in the record to show that the plaintiff

Rogers and his associate, MacFadyen, were not both licensed as journeymen plumbers; there is no evidence that either of them employed the other or employed other journeymen plumbers to assist in doing the work which one or both of them did for the defendant; and no evidence that they did not do the work themselves as copartners, as they lawfully might under R. L. c. 103, §§ 1, 8. *Barriere* v. *Depatie*, 219 Mass. 33. *Burke* v. *Holyoke Board of Health*, 219 Mass. 219. *Commonwealth* v. *McCarthy*, 225 Mass. 192, 195. *Chubbuck* v. *Hayward*, 217 Mass. 134.

There was no error in refusing to make the requested findings of fact, *James Elgar, Inc.* v. *Newhall*, 235 Mass. 373, or to make the rulings of law, which were inapplicable to the facts found by the auditor and by the court. It results that the exceptions must be overruled.

*Exceptions overruled.*