# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS

---

WILLIAM H. POWER *vs.* BOARD OF EXAMINERS OF PLUMBERS.

Worcester.   September 26, 1932. — November 1, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & DONAHUE, JJ.

*Plumber. License. Words,* "Regular place of business," "In his employ."

A master plumber was in the employ of a city in the classified civil
service as superintendent of plumbing and heating and had a regular
place of business in a room in the city hall.   Working under him as
such superintendent were two journeymen plumbers, who held their
positions in the city under the classified civil service.   Permits in
connection with work to be done on buildings owned by the city
were procured by and issued to the superintendent in his own name.
The actual work thereunder was done by the journeymen plumbers
under his order and supervision.   The State board of examiners, upon
the above facts, suspended the master plumber's license on the ground
that he had "been loaning" his license to the city contrary to G. L.
c. 142, § 6.   Upon certiorari proceedings brought by him, the order
of the board was quashed, and, upon exceptions filed by them, it was
*held,* that
　(1) The petitioner had a "regular place of business" within the
requirement of G. L. (Ter. Ed.) c. 142, § 1;
　(2) The words "in his employ" in G. L. (Ter. Ed.) c. 142, § 1,
were broad enough to cover journeymen plumbers who were not em-
ployed by him, but under their contracts with the city were, never-
theless, to be subject to his orders and supervision;

(3) The participation of the petitioner in the doing of the city's plumbing work in the manner complained of by the board was not a violation of the master plumber's license or of G. L. (Ter. Ed.) c. 142;
(4) The order of the board rightly was quashed.

PETITION for a writ of certiorari, filed in the Supreme Judicial Court for the county of Worcester on January 13, 1932, and described in the opinion.

Upon the filing of a return by the respondents, the petition was heard on its merits by *Sanderson*, J., who issued an order quashing the action of the respondents. The respondents alleged exceptions.

*J. E. Warner*, Attorney General, & *G. B. Lourie*, Assistant Attorney General, for the respondents, submitted a brief.

*W. D. Allen*, for the petitioner.

PIERCE, J. This is a petition for a writ of certiorari against the board of examiners of plumbers seeking to reverse and quash the action of the respondents in suspending the license of the petitioner as a master plumber. The single justice of this court, after hearing the case on the petition and return of the respondents, entered an order that the writ should issue and the proceedings be quashed. The case is before this court on exceptions of the respondents to this order.

The petition and the return of the respondents disclose the facts which follow: The petitioner for the year 1906 was, and continually since has been, duly licensed as a master plumber. Under the classified civil service, in January, 1931, having passed a noncompetitive examination, he was duly appointed and entered the employ of the city of Worcester as superintendent of plumbing and heating. His regular place of business is room numbered 35 in the city hall at Worcester. Working under him as such superintendent were two journeymen plumbers, who held their positions in the city of Worcester under the classified civil service. Permits in connection with work to be done on buildings owned by the city of Worcester were procured by and issued to the petitioner in his own name. The actual work under these permits was done by the above mentioned journey-

men plumbers under the order and supervision of the petitioner. All stock used in said jobs was purchased and furnished by the city of Worcester. On June 10, 1931, a written complaint was received by the respondents from the master plumbers' council of the Worcester Chamber of Commerce directing the attention of the respondents to the fact that on February 17, 1931, and on May 12, 1931, permits were issued by the city of Worcester to the petitioner for plumbing work to be done by the petitioner in a building owned by the city. A hearing on the complaint, at which the complainant and the petitioner were present and represented by counsel, was duly held by the respondents at the State House, in Boston. The hearing was closed on June 12, 1931. Before the decision was rendered on August 29, 1931, a further written complaint from the master plumbers' council of the Chamber of Commerce of Worcester was received by the respondents. In substance this complaint stated that a plumbing permit was issued to the petitioner by the city council of the city of Worcester "about August 15, 1931, to install plumbing fixtures in a building owned by the city of Worcester." On this complaint a hearing was duly held at the State House, in Boston. At the hearing both the complainant and the petitioner were present and the latter was represented by counsel. At this hearing the original complaint was also considered and evidence, which is reported, was introduced supporting and establishing the truth of the facts alleged in each of the complaints. Acting upon the complaints the board of examiners of plumbers voted to suspend the petitioner's master plumber's license for three months from October 17, 1931. This action was stated by the board to have been "taken after satisfactory evidence was presented to the Board at the hearing to the effect that you [the petitioner] have been loaning your Master Plumber's License to the City of Worcester, which is contrary to Section 6 of Chapter 142 of the General Laws."

The respondents concede that G. L. (Ter. Ed.) c. 142, § 6, has no provision which in terms forbids with a penalty the lending of a master plumber's license, but contend that

the phrase "loaning your Master Plumber's License to the City of Worcester" "connote[s] a participation in a state of affairs which was in conflict with the general system for the licensing of plumbers and plumbing work and the conduct of said business as provided for in G. L. c. 142." They direct the attention of the court to the fact that G. L. (Ter. Ed.) c. 142 provides for the division of workmen in the plumbing industry into two classifications — master plumber and journeyman plumber — and defines a master plumber as "a plumber having a regular place of business and who, by himself or journeymen plumbers in his employ, performs plumbing work," and a journeyman plumber as "a person who himself does any work in plumbing subject to inspection under any law, ordinance, by-law, rule or regulation." A journeyman plumber has "the right to work for himself and to take contracts for, or to do by his own labor, plumbing upon buildings. *Burke* v. *Holyoke Board of Health,* 219 Mass. 219. But . . . he . . . [has] no·right to employ other journeymen plumbers to assist in doing such work. That would make him a master plumber." *Commonwealth* v. *McCarthy,* 225 Mass. 192, 195. It does not follow conversely as contended by the respondents that he may not work for any one other than a master plumber or himself. He cannot work for any plumber except a master plumber but he can contract to work and work individually for any person who has plumbing work to be done. *Rogers* v. *Abbott,* 248 Mass. 220. As a corollary to the above thesis it follows as contended by the respondents "that the active management of all plumbing business in this State must be conducted by master plumbers having journeymen plumbers in their employ, except that journeymen plumbers may themselves carry on business in connection with jobs which they can perform themselves without the aid of any assistants." *Rogers* v. *Abbott,* 248 Mass. 220, 225.

The respondents further contend that the system of doing plumbing work in the city of Worcester violated the provisions of G. L. (Ter. Ed.) c. 142, § 6, in several respects, and that the petitioner because of his necessary participation

in these violations was amenable to the action of the respondents. They contend that unless the petitioner as a master plumber procured the permits for the plumbing work the system as inaugurated and carried out by the city of Worcester could not function; that the city of Worcester and the petitioner as a participant violated the provisions of G. L. (Ter. Ed.) c. 142 in the manner which follows: (1) Journeymen plumbers were engaged on work beyond their statutory power in that they were employed by the city of Worcester and not by a master plumber. It is conceded that the petitioner was a master plumber, was the immediate superior of journeymen plumbers referred to in the complaints, and that he exercised a "general sort of supervision over their work," but it is contended that because they were paid by the city of Worcester they were subject to the orders and directions of many others in addition to the petitioner; (2) As a master plumber it was the duty of the petitioner to maintain "a regular place of business," G. L. (Ter. Ed.) c. 142, § 1; that the place of business of the petitioner at Room 35, City Hall, Worcester, is not a regular place of business within the meaning of the statute; that the words "regular place of business" contemplate that the master plumber shall have a place of business open to the general public.

We think, however, that the requirement that a master plumber shall have a "regular place of business" is satisfied if the applicant for a master plumber's license has a place to do the business which he may be called upon to do as a master plumber, and that it must not necessarily be available to the public but must at all times be certain and not itinerant; that the words "in his employ," G. L. (Ter. Ed.) c. 142, § 1, are broad enough to cover journeymen plumbers who are not employed by him, but under their contracts with others are, nevertheless, to be subject to his orders and supervision, *Bingham* v. *Scott*, 177 Mass. 208, 211, *Commonwealth* v. *Griffith*, 204 Mass. 18, 21, *Commonwealth* v. *Riley*, 210 Mass. 387, 395, 396, and that the participation of the petitioner in the operation of the system of the city of Worcester in the manner complained

of by the respondents is not a violation of the master plumber's license or of G. L. (Ter. Ed.) c. 142.

It follows that the exceptions of the respondents to the order of the trial judge, whereby the writ was ordered to issue and the proceedings to be quashed, must be overruled, and it is

*So ordered.*