ATTORNEY GENERAL *vs.* UNION PLUMBING CO. INC.

Suffolk.    December 10, 1937. — July 7, 1938.

Present: FIELD, C.J., LUMMUS, QUA, & COX, JJ.

*Plumber.    Constitutional Law,* Police power.    *Corporation,* Engaging in plumbing.

A plumbing corporation with a regular place of business did business as a master plumber within G. L. (Ter. Ed.) c. 142, § 1, and therefore violated § 3 by contracting to do plumbing work and performing it with materials furnished by it installed by journeymen in its employ under the supervision of a licensed master plumber who had a regular place of business on the corporation's premises but was one of its officers and employees and was acting solely in its behalf.

Although a corporation with "a regular place of business" is prohibited by G. L. (Ter. Ed.) c. 142, § 3, from performing plumbing work by journeymen plumbers in its employ who are subject to its direction

in doing its work, it lawfully can make contracts for or including plumbing work and plumbing labor, provided it contracts with registered or licensed plumbers to perform the work or does not itself enter into the business of a master plumber; and the statute as so construed and applied is constitutional.

A corporation cannot be a journeyman plumber within the definition set forth in G. L. (Ter. Ed.) c. 142, § 1.

The provisions of G. L. (Ter. Ed.) c. 142, § 4, do not permit a corporation to secure a master plumber's license.

INFORMATION IN EQUITY, under G. L. (Ter. Ed.) c. 155, § 11, filed in the Supreme Judicial Court for the county of Suffolk on November 4, 1937, at the relation of the commissioner of corporations and taxation, averring that the defendant was unlawfully "acting as a master plumber and a journeyman plumber."

The case was reserved and reported by *Donahue*, J., upon the pleadings and an agreed statement of facts.

*M. M. Goldman*, Assistant Attorney General, for the Attorney General.

*D. Goldstein*, for the defendant.

QUA, J. The question to be decided is whether it is lawful for the defendant, a Massachusetts corporation, to engage "in the business of making and performing contracts to supply labor and material for plumbing work to be done for others," in the manner disclosed by the agreed facts.

The defendant is not registered as a master plumber. No contention is made that it holds any license. It regularly employs master and journeymen plumbers to do such work as it may request. Some of these are its stockholders, directors and officers. It has a regular place of business in Worcester. It contracted with one Glatley to supply material and labor for a plumbing installation in Milford. "In pursuance of said contract and at the request of the respondent," one Page, an officer and an employee of the defendant on a regular weekly salary, who was a duly licensed master and journeyman plumber, was granted by the town a permit to do the work in his name as a master plumber. The defendant supplied all of the materials. Page supervised the work to see that it was done properly, while journeymen in the defendant's employ performed the

labor.    Page "had a regular place of business (which is on the same premises as that of the respondent) in accordance with the provisions of G. L. (Ter. Ed.) c. 142" (see *Power* v. *Examiners of Plumbers*, 281 Mass. 1, 5), but all plumbing work done or performed is for the exclusive benefit of the defendant.

It is contended by the Attorney General that the defendant is transacting a business not authorized by law (G. L. [Ter. Ed.] c. 155, § 11) in that it is acting as a master plumber without being registered as such.

G. L. (Ter. Ed.) c. 142 is entitled "Supervision of Plumbing."    A master plumber is defined as "a plumber having a regular place of business and who, by himself or journeymen plumbers in his employ, performs plumbing work."    § 1. By § 3 "No person shall engage in the business of a master plumber or work as a journeyman unless he is lawfully registered, or has been licensed by the examiners as provided in this chapter."    Section 16 provides a penalty.    The word "person" includes a corporation.    G. L. (Ter. Ed.) c. 4, § 7, Twenty-third.    *Commonwealth* v. *Graustein & Co.*    209 Mass. 38, 43.    The agreed facts, with reasonable inferences therefrom, show that the defendant is engaged in the business of a master plumber within the fair meaning of § 3.    It does not confine its business to taking contracts for plumbing work or contracts which include plumbing work with other work.    It has "a regular place of business" and it "performs plumbing work" by "journeymen plumbers in . . . [its] employ" who are its servants subject to its direction in doing its work.    This is still true though it commits the supervision of the work to a master plumber who is not acting for himself, but who is its employee acting solely in its behalf.    The case is within the authority of *Commonwealth* v. *McCarthy*, 225 Mass. 192.    The defendant is therefore engaged in business unlawfully.

The defendant relies upon *Barriere* v. *Depatie*, 219 Mass. 33, 36.    But the issue in that case was simply whether the plaintiff could recover payment for work performed by him. That is a very different question.    The discussion in the opinion in that case must be interpreted from that point of

view.   There is nothing in conflict with what is here decided in *Rogers* v. *Abbott*, 248 Mass. 220, or in *Power* v. *Examiners of Plumbers*, 281 Mass. 1, also cited by the defendant.

It does not follow from what has been said that an unlicensed person or corporation cannot lawfully make contracts for or including plumbing work and plumbing labor, provided that it contracts with registered or licensed plumbers to perform the work or does not itself enter into "the business of a master plumber." *Bronold* v. *Engler*, 194 N. Y. 323. *Putnam* v. *Siravo*, 140 App. Div. (N. Y.) 194.   Under our statute one becomes engaged in the business of a master plumber only when he "performs plumbing work" either with his own hands or by the hands of journeymen who are under his control.   As the purpose of the statute is to secure sanitary plumbing for the protection of the public health, it is natural that the actual performance of the work should be made the focal point of regulation.

The statute as here construed and applied is constitutional. *Commonwealth* v. *McCarthy*, 225 Mass. 192, 194–195. We think the case distinguishable from *Louis K. Liggett Co.* v. *Baldridge*, 278 U. S. 105, in that here, as we interpret the agreed facts, the defendant does not limit itself to ownership of the business, but through persons wholly under its immediate control actually performs the work of plumbing as a master plumber would perform it.   *McMurdo* v. *Getter*, 298 Mass. 363, 367.   *Bronold* v. *Engler*, 194 N. Y. 323.

The suggestion that the defendant is also unlawfully operating as a journeyman plumber seems to us to require no discussion, as by definition a journeyman is "a person who himself does any work."   We think this refers to work done with his own hands and so cannot include a corporation.   G. L. (Ter. Ed.) c. 142, § 1.

In order to determine the scope of the decree it becomes necessary to pass upon the further contention of the Attorney General that no corporation can obtain a license as a master plumber.   The earlier statutes for the supervision of plumbing down to and including the Revised Laws of 1902 expressly sanctioned a corporation engaging in busi-

ness as a master plumber and provided that a license or certificate to "the manager" should satisfy licensing requirements for a corporation. R. L. c. 103, §§ 1, 2. These provisions continued in force after the revision embodied in St. 1909, c. 536, and are there recognized in § 9, where the word "corporation" as used in chapter 103 of the Revised Laws is defined. But the General Laws of 1921 omitted all reference to corporations holding plumbing licenses and expressly repealed those sections of the Revised Laws and of the statute of 1909 wherein corporations were mentioned and wherein provision was made that a license issued to the manager should suffice. G. L. c. 282. The present law is absolute in its requirement that every application shall be in the handwriting of the applicant and that each applicant shall be examined and subjected to a practical test of his competence. G. L. (Ter. Ed.) c. 142, § 4. A corporation cannot fulfil these conditions. We are compelled to the conclusion that as the law now stands the defendant, being a corporation, cannot secure a master plumber's license.

A decree will be entered permanently enjoining the defendant from transacting the business of a master plumber. G. L. (Ter. Ed.) c. 155, § 11.

*Ordered accordingly.*