SPRINGFIELD GAS LIGHT COMPANY *vs.* BOARD OF STATE EXAMINERS OF PLUMBERS & another.

Hampden.    December 9, 1952. — January 7, 1953.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Plumbing. Words,* "Plumbing."

The installation of hot water tanks and gas heaters constitutes plumbing within the meaning of G. L. (Ter. Ed.) c. 142.

BILL IN EQUITY, filed in the Superior Court on December 27, 1951.

The case was heard by *Hudson,* J.

In this court the case was submitted on briefs.

*Francis E. Kelly,* Attorney General, *& John J. Cronin, Jr.,* Assistant Attorney General, for the defendant board of State examiners of plumbers.

*Charles D. Sloan,* City Solicitor, for the building commissioner of Springfield.

*James S. Bulkley,* for the plaintiff.

WILKINS, J.   The purpose of this bill for a declaratory decree is to settle a controversy between the plaintiff and the defendant building commissioner of the city of Springfield on the one hand and the defendant board of State examiners of plumbers on the other.   The company has for many years installed hot water tanks and gas heaters in buildings of its customers.   It has never had a master plumber's license, and has used its own employees, none of whom is a licensed plumber.   It has always complied with city ordinances and obtained all permits required by the building commissioner.   The board takes the position that the company is illegally engaged in plumbing without a license.   This the company and the building commissioner deny, and give for their reason that no part of any installation made by the company involves "pipes, tanks, faucets, valves and other fixtures by and through which waste water or sewage is used and carried."   See G. L. (Ter. Ed.) c. 142, § 13, as amended by St. 1934, c. 284.   After a hearing upon a statement of agreed facts the judge ruled that the company's installation of hot water tanks and gas heaters does not constitute plumbing within the meaning of G. L. (Ter. Ed.) c. 142, and entered a final decree containing a declaration to that effect.   The board appealed.

General Laws (Ter. Ed.) c. 142 is entitled "Supervision of Plumbing."   Its purpose is to secure sanitary plumbing for the protection of the public health.   *Attorney General* v. *Union Plumbing Co. Inc.* 301 Mass. 86, 89.   The statute contains no express definition of "plumbing," but does define "journeyman" and "master plumber" in the following language: "'Journeyman', a person who himself does any work in plumbing subject to inspection under any law, ordinance, by-law, rule or regulation.   'Master plumber', a plumber having a regular place of business and who, by himself or journeymen plumbers in his employ, performs plumbing work" (§ 1).

The requirement that master plumbers be licensed is found in § 3. As amended by St. 1948, c. 382, that section, so far as material, reads: "No person shall engage in the business of a master plumber or work as a journeyman unless he is lawfully registered, or has been licensed by the examiners as provided in this chapter. Any person so licensed as a master plumber may carry on the work of a gas fitter throughout the commonwealth, notwithstanding any local ordinance, by-law, rule or regulation to the contrary." There are provisions for making rules for the examination of plumbers and for testing the practical knowledge of applicants (§ 4, as amended by St. 1946, c. 502, and St. 1947, c. 382).

The general rule is that words and phrases are to be construed according to the common and approved usage of the language. G. L. (Ter. Ed.) c. 4, § 6, Third. In common usage "plumbing" includes the furnishing and fitting of pipes for the introduction of water into a system. *Lanier* v. *Lovett*, 25 Ariz. 54, 60. *Warburton-Beacham Supply Co.* v. *Jackson*, 151 Miss. 503, 509. *State* v. *Gardner*, 58 Ohio St. 599, 607. *Commonwealth* v. *Dougherty*, 156 Pa. Super. 520, 523. The word, in ordinary parlance, embraces water supply and is not restricted to carrying off "waste" water.

The principal reliance for the contention that "plumbing" is used in a restricted sense in G. L. (Ter. Ed.) c. 142 is § 13, as amended by St. 1934, c. 284, which in part reads: "Each city, except Boston, and each town which has five thousand inhabitants or more or which has a system of water supply or sewerage, shall by ordinance or by-law prescribe regulations for the materials, construction, alteration and inspection of all pipes, tanks, faucets, valves and other fixtures by and through which waste water or sewage is used and carried; and shall provide that such pipes, tanks, faucets, valves or other fixtures shall not be placed in any building in such city or town, except in accordance with plans approved by said inspector of buildings, if any, otherwise by the board of health; and shall further provide that no plumbing shall be done, except to repair leaks or,

in any town in the county of Barnstable, to turn on or shut off the water supply for a single family dwelling, without a permit first being issued therefor, upon such terms and conditions as such cities or towns shall prescribe." But this section, which does not apply to all communities, and carries a mandate, restricted to water which is "waste" water, for regulation in municipal ordinances and by-laws, does not undertake to limit the operation of the act as a whole or to qualify the meaning of "plumbing" as found in § 3. On the contrary, § 13 by commanding that the municipalities should "provide that no plumbing shall be done [without a permit], except to repair leaks or . . . to turn on or shut off the water supply for a single family dwelling" in the county of Barnstable, makes it manifest that "plumbing" does include the excepted activities of repairing leaks and shutting off water, and, hence, covers all water, and not merely "waste" water.

A glance at the history of the legislation confirms our conclusion. By St. 1888, c. 105, § 1, municipalities, other than Boston, were authorized, but not obliged, to require the registration and licensing of plumbers and to "prescribe rules and regulations for the materials, construction, alteration and inspection of all pipes, tanks, faucets, valves and other fixtures by and through which water or sewage is used and carried." There was no limitation about "waste" water. Statute 1893, c. 477, was entitled, "An Act relative to the licensing of plumbers and the supervision of the business of plumbing." Section 1 made the licensing of plumbers compulsory in every city and town in the Commonwealth. Section 6 carried forward that portion of St. 1888, c. 105, § 1, relative to prescribing rules and regulations by ordinance or by-law; made its operation mandatory in cities, except Boston, and in towns of five thousand inhabitants or more, or having a system of water supply or sewerage; but limited the mandate as to making ordinances and by-laws to "pipes, tanks, faucets, valves and other fixtures by and through which waste water or sewage is used and carried." While referring for the first

time to "waste" water, § 6 introduced the requirement that provision also should be made "that no plumbing work shall be done except in the case of repair of leaks" without a permit. This does not mean only leaks of "waste" water. Thus, § 6, which is the predecessor of G. L. (Ter. Ed.) c. 142, § 13, as amended, very clearly shows that "the business of plumbing" which was to be regulated by St. 1893, c. 477, was not confined to only a part of the plumbing business to be carried out in the Commonwealth. It continues to be the whole plumbing business which is now regulated by G. L. (Ter. Ed.) c. 142.

The final decree is reversed, and a new final decree is to be entered declaring that the installation by the plaintiff of hot water tanks and gas heaters does constitute "plumbing" within the meaning of G. L. (Ter. Ed.) c. 142.

*So ordered.*