*Northern District*

No. 5010

## ROBERT H. FARLEY
v.
## ETHEL M. ESSERY

(December 17, 1956)

*Eno, J.* This is an action of contract for the balance due the plaintiff for work done and materials furnished totalling $1,481.18, less $400.00 paid on

account, plus interest of $28.08, and a net balance due of $1,109.26.

Besides a general denial and a plea of payment, the defendant in her answer claimed that the materials were defective, that the work was not done in a workmanlike manner, intentional deviation from the agreement between the parties, and that the work was "performed without obtaining the necessary permits from the proper authorities and without having the electrical and plumbing work done by licensed electricians and plumbers and that such illegal conduct bars the plaintiff from recovering in whole or in part."

*The evidence may be summarized as follows:*

The plaintiff, a carpenter and builder for 37 years entered into the following written agreement with the defendant:

"Agreement for work at 22 Walden Street, Lynn
New enclosed rear porch and stairs with light and receptacle
Finish inside and out
Basement room made into kitchen with Finestra windows and screens
Inlaid floor covering and new white sink

As per (sic) agreement $865.25

Extras
Remove stone wall and make arch to dining room
Change bathroom entrance with hall and light

$140.00"

The plaintiff started work in the Spring of 1952 and from time to time the defendant requested certain other changes and additional work; he hired a licensed electrician and a licensed plumber to do the work; he completed all the work except "the floor work in the back entry which was not finished because of the defendant's failure to furnish linoleum." The defendant made two payments of $200.00 each on account and the plaintiff sent her a bill showing the credit of $400.00, and the balance of

$1,081.18 in December, 1954. The plaintiff did not know whether permits were obtained for the electrical and plumbing work and testified that it was the duty of the defendant to obtain them and that she informed him that she had obtained them. The defendant was "so pleased with the work that she gave (the plaintiff) a quart of ice cream for his wife and six cans of beer for himself after the work was practically completed." The plaintiff drove the defendant to a bank for the purpose of getting a loan to pay for the work, and later she said she would get it from her employer. The plaintiff later asked the defendant again for payment and brought her to a bank again for a loan. The defendant never complained to the plaintiff or his attorney about the work which was done in good and workmanlike manner and the charges fair and reasonable.

*There was further evidence that* no electrical or plumbing permits were obtained and that they were necessary for this work; no licensed electrician or plumber did the work; the defendant paid $195.00 to another carpenter for work done in accordance with requirements as to the size of pipe and venting and that it would cost $100 to $150 more to correct the plumbing work.

At the conclusion of the trial, the judge took a view and the defendant filed requests for rulings which were denied and are discussed hereinafter.

The trial judge made the following findings of facts:

"The plaintiff was a carpenter and a general contractor. He contracted with the defendant to do certain work specified in Items 1 and 2 of the plaintiff's declaration, in the sum of $1,005.25; and certain other work specified in Items 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, and 16, of the said declaration, in the sum of $475.93, as extras, making a total of $1,481.18. The plaintiff did all the carpenter work on the job. He employed a

plumber and an electrician as sub-contractors to do the plumbing and the electrical work on the job. The said plumber and electrician failed to procure permits to do the said work, without the knowledge or consent on the part of the plaintiff. Other than that, the work was done in a substantially workmanlike manner and in order to complete the work to the satisfaction of the defendant and in compliance with the requirements of the plumbing and electrical inspectors, it would cost $345.00. The defendant paid the plaintiff the sum of $400.00 on account of the said job so performed by the plaintiff and refused to pay the balance.

"I find for the plaintiff and assess damages in the sum of Seven Hundred and Thirty-six Dollars and Eighteen Cents ($736.18)."

The report states that it contains all the evidence material to the questions reported.

 The first request:

"If the plaintiff agreed to do certain work for the defendant for a fixed price, it was an implied condition of the agreement that the work would be done in a legal manner" was denied "because of vagueness, failing to state facts which would constitute 'in a legal manner'."

We think that the denial of this request shows no prejudicial error, since it is fully covered by the other three requests.

 The second request:

"If the plaintiff agreed to do certain work for the defendant which included electrical work or plumbing for a fixed price, it was an implied condition of the contract that the electrical work or plumbing would be done by a licensed electrician or plumber" was denied because "there was no express agreement that the plaintiff would furnish a licensed electrician or plumber."

We do not think that the denial of this request was prejudicial error. There was evidence from the plaintiff, from which, if believed, the trial judge could

find that the electrical work and plumbing was done by licensed electricians and plumbers.

A contractor, although not himself a licensed plumber or electrician, may recover for work done by such licensed sub-contractors. *Barriere v. Depatie*, 219 Mass. 33.

The third request:

"If the plaintiff agreed to do certain work for the defendant for a fixed price, part of which was electrical or plumbing work and said work was not done by a licensed electrician or plumber, the plaintiff intentionally deviated from the contract" was denied by the judge because he found "that the plaintiff did not know that the said electrician or plumber were not licensed, nor was there evidence that the electrician or plumber were not licensed."

There was no prejudicial error in the denial of this request because there was evidence that the work was done by licensed plumbers and electricians.

Furthermore, this request simply asks that if said work was not so done, "the plaintiff intentionally deviated from the contract."

We doubt very much that that would amount to a deviation of the contract, which has been defined as "a change made in the progress of a work from the original terms or design or method agreed upon." *Black's Law Dictionary*, (3rd Ed.) p. 571, and "a departure from a way or course and not departure simply." 26 C.J.S. 1294.

The fourth request: "If the plaintiff agreed to do certain work for the defendant for a fixed price which included electrical work or plumbing and said electrical or plumbing work was done without obtaining the necessary permits from the City Electrician and the Plumbing Inspector, the plaintiff intentionally deviated from the contract" was refused with a notation "see findings of facts." These findings show that the plumber and electrician failed to obtain permits to do their work.

In support of this request the defendant cites chapters 141 and 142 of the General Laws. These chapters have to do with the licenses of electricians

and plumbers, and we find nothing therein about obtaining permits to do that kind of work. Such permits are usually obtained from the cities or towns where such work is performed.

In the case at bar no evidence was introduced of any applicable city ordinances, and, therefore, they could not be judicially noticed. *O'Brien v. Woburn*, 184 Mass. 598.

The Court has found that "the plumber and electrician failed to secure permits to do said work without the knowledge or consent on the part of the plaintiff," and "other than that the work was done in a substantially workmanlike manner." The Court also deducted the sum of $345.00 from the amount claimed by the plaintiff to complete the work "in compliance with the requirements of the plumbing and electrical inspectors."

Having made that allowance, even though there might be error in the denial of that request, we are of the opinion that it is not a reversible error, and that the plaintiff may recover for the work and labor for which no permit was required and which was done to the apparent satisfaction of the defendant. *Rathgeber v. Kelley*, 299 Mass. 444, 446.

*Therefore, the report is to be dismissed.*

James J. Valeri, for the plaintiff.
Santry & Santry, for the defendant.